UNITED STATES, Appellee

v.

Eric J. LEONARD, Airman First Class
U.S. Air Force, Appellant

No. 05-0445

Crim. App. No. 35444

United States Court of Appeals for the Armed Forces

Argued April 4, 2006

Decided August 9, 2006

GIERKE, C.J., delivered the opinion of the Court, in which
CRAWFORD, EFFRON, BAKER, and ERDMANN, JJ., joined.

Counsel

For Appellant:  Gary Myers, Esq. (argued); Lieutenant Colonel
Mark R. Strickland and Captain Anthony D. Ortiz (on brief);
Colonel Carlos L. McDade, Major Sandra K. Whittington, and Major
James M. Winner.

For Appellee:  Major Michelle M. Lindo McCluer (argued);
Lieutenant Colonel Gary F. Spencer and Major Matthew Ward (on
brief); Lieutenant Colonel Michael E. Savage and Major John C.
Johnson.

Military Judge:  Thomas W. Pittman


**This opinion is subject to revision before final publication.**

Chief Judge GIERKE delivered the opinion of the Court.[1]

A servicemember does not have a Sixth Amendment right to trial by jury.[2] However, "Congress has established the court-martial as the institution to provide military justice to service members."[3] Congress has also afforded every servicemember the right to have a court-martial of panel members for both a general and a special court-martial.[4]

This Court has stated that the "cornerstone of the military justice system" is the "right to members who are fair and impartial."[5] Indeed, this right to fair and impartial members is so important that the process of selecting a court-martial panel enjoys protections under the Constitution,[6] statute,[7] regulations,[8] and case law.[9]

---

[1] We heard oral argument in this case at the United States Air Force Academy in Colorado Springs, Colorado, as part of the Court's "Project Outreach." See United States v. Mahoney, 58 M.J. 346, 347 n.1 (C.A.A.F. 2003). This practice was developed as part of a public awareness program to demonstrate the operation of a federal court of appeals and the military justice system.

[2] United States v. Kemp, 22 C.M.A. 152, 154, 46 C.M.R. 152, 154 (1973).

[3] United States v. Dowty, 60 M.J. 163, 169 (C.A.A.F. 2004).

[4] Articles 16, 25, and 41, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 816, 825, 841 (2000).

[5] Dowty, 60 M.J. at 169 (citing United States v. Roland, 50 M.J. 66, 68 (C.A.A.F. 1999); United States v. Hilow, 32 M.J. 439, 442 (C.M.A. 1991)).

[6] See U.S. Const., amend. V (Due Process Clause); U.S. Const., amend. XIV (Equal Protection Clause); Frontiero v. Richardson, 411 U.S. 677, 680 (1973) (concept of equal protection of the laws applies to members of the armed forces through the Due Process Clause of the Fifth Amendment); United States v. Downing, 56 M.J. 419, 421 (C.A.A.F. 2002) ("As a matter of due

The present case requires this Court to address two issues related to the member selection process.[10]  First, whether

process, an accused has a constitutional right, as well as a regulatory right, to a fair and impartial panel.") (quoting United States v. Wiesen, 56 M.J. 172, 174 (C.A.A.F. 2001)); United States v. Santiago-Davila, 26 M.J. 380 (1988) (finding no reason to exclude members of the armed forces from equal protection analysis of Batson v. Kentucky, 476 U.S. 79, 91 (1986), which prohibits discriminatory use of peremptory challenges in jury selection).
[7] Article 25(d)(2), UCMJ (providing for the convening authority to select members who "are best qualified by reason of age, education, training, experience, length of service, and judicial temperament").
[8] Rule for Court-Martial (R.C.M.) 502(a) (concerning qualifications of court-martial members); R.C.M. 503(a) (concerning procedures for the selection of members); R.C.M. 912) (addressing voir dire procedures and challenges to court members).
[9] Wiesen, 56 M.J. at 174 (quoting United States v. Modesto, 43 M.J. 315, 318 (C.A.A.F. 1995) ("Impartial court-members are a sine qua non for a fair court-martial."); United States v. Tulloch, 47 M.J. 283, 287 (C.A.A.F. 1997) (applying a different standard for assessing the validity of trial counsel's proffered race-neutral explanation as required by the equal protection analysis of Batson, 476 U.S. at 91); Dowty, 60 M.J. at 172 (finding error to inject into the panel selection process the irrelevant variable of a servicemember volunteering to be a member).
[10] This Court granted review on five issues.  Because of our disposition based solely on Issue I, we do not address the other granted issues.  The granted issues are:

    I.   IN LIGHT OF UNITED STATES V. MILES, 58 M.J. 192 (C.A.A.F. 2003),
        A. WHETHER THE MILITARY JUDGE ERRED BY NOT GRANTING TWO DEFENSE CHALLENGES FOR CAUSE AGAINST A MEMBER WHOSE DAUGHTER HAD BEEN RAPED FIVE YEARS EARLIER AND A MEMBER WHO HAD FREQUENT INTERACTION WITH THE ALLEGED RAPE VICTIM;
        B. WHETHER IT IS APPROPRIATE TO APPLY WAIVER WHERE THE DEFENSE USED ITS PEREMPTORY CHALLENGE AGAINST ONE OF THE TWO MEMBERS CHALLENGED FOR CAUSE AND, DURING CLEMENCY, MADE IT CLEAR THAT IT WOULD HAVE USED THAT

Appellant preserved any issue related to the denial of his challenge in light of the waiver provision of R.C.M. 912(f)(4). Second, if an appellate issue is preserved, whether the military judge erred in denying a defense causal challenge based on either actual or implied bias.

We hold that Appellant waived review of the issue related to the military judge's denial of a causal challenge of one member but preserved a similar issue as to another member. Also we hold that the military judge abused his discretion and violated the liberal grant mandate as to a causal challenge and

---

PEREMPTORY CHALLENGE ON THE OTHER CHALLENGED MEMBER BUT FOR THE MILITARY JUDGE'S ERROR;
   C. WHETHER – IF WAIVER APPLIES – TRIAL DEFENSE COUNSEL PROVIDED INEFFECTIVE ASSISTANCE OF COUNSEL BY NOT PROPERLY PRESERVING THE CHALLENGES FOR CAUSE.
II.  WHETHER THE MILITARY JUDGE ERRED BY APPLYING MRE 412 TO SUPPRESS DEFENSE EVIDENCE OF THE ALLEGED VICTIM'S MOTIVE TO LIE AND PRIOR SEXUAL BEHAVIOR WITH APPELLANT.
III. WHETHER THE MILITARY JUDGE ERRED BY DENYING A DEFENSE MOTION TO SUPPRESS A WRITTEN CONFESSION TO THE AIR FORCE OFFICE OF SPECIAL INVESTIGATIONS (AFOSI) WHERE - PRIOR TO AN IMMINENT INTERROGATION – APPELLANT USED A THIRD PARTY TO INVOKE HIS RIGHTS TO REMAIN SILENT AND REQUEST COUNSEL.
IV.  WHETHER THE MILITARY JUDGE ERRED BY NOT PROVIDING THE MEMBERS A MISTAKE-OF-FACT INSTRUCTION WHERE SOME EVIDENCE RAISED THE AFFIRMATIVE DEFENSE BUT APPELLANT'S COUNSEL DID NOT RELY ON THAT THEORY.
V.   WHETHER THE EVIDENCE IS LEGALLY SUFFICIENT TO CONVICT APPELLANT OF RAPE WHERE THE ALLEGED VICTIM CLAIMED TO SLEEP THROUGH THE ENTIRE INCIDENT EVEN THOUGH SHE WAS NOT DRUNK, DRUGGED, OR SUFFERING FROM A SLEEP DISORDER.

United States v. Leonard, 62 M.J. 387, 388 (C.A.A.F. 2005).

improperly denied Appellant's causal challenge of the second panel member based on implied bias.

## Factual Background

### A.  General Background of the Alleged Rape

Appellant and a female servicemember, Airman First Class (A1C) CH, engaged in a social evening of drinking with friends and acquaintances at an on-base club.  Although Appellant and CH knew each other, they were not close friends.  Appellant drank heavily and became intoxicated.  CH had only one drink.

Appellant asked CH to take care of him.  CH agreed and took the intoxicated Appellant to her dorm room where they both fell asleep on her bed.  That evening Appellant engaged in sexual intercourse with CH.  The following day, CH accused Appellant of raping her while she was sleeping.  Appellant was charged with rape in violation of Article 120, UCMJ,[11] and the case was referred to a general court-martial.

### B.  Trial Developments Related to Selection of the Two Panel Members

As Appellant elected a court-martial consisting of officer and enlisted members, the court-martial proceeded, through the voir dire process, to screen the panel members and to identify and provide the parties a fair and impartial panel.  During voir dire, Lieutenant Colonel (LTC) D disclosed that his daughter had been "raped by a friend of hers" while she was in high school.

---

[11] 10 U.S.C. § 920 (2000).

He stated that the incident occurred five years prior to this court-martial. He further explained that he and his wife had urged their daughter to press charges but she had refused to do so. LTC D also stated that he was a neighbor of the staff judge advocate involved in this case.

Captain (CPT) P, a pilot, disclosed that he worked with CH in the same unit. CPT P stated that he and CH only exchanged pleasantries in the hallway. He also revealed that CH was responsible for his flight equipment and was entrusted to pack his parachute. Over a period of six to twelve months, he would bring his "professional flying gear," that is, his flight helmet or parachute, to her for servicing. However, CPT P claimed that he had not formed an opinion as to her credibility.

After voir dire was complete, trial defense counsel challenged LTC D for actual and implied bias. Trial defense counsel supported his challenge with the following argument:

> [O]ne can almost not envision a more traumatic
> psychological effect than having one of your children
> victimized of the same serious crime that Airman Leonard is
> accused of. What's noteworthy here too, is he tried to get
> his daughter to pursue prosecuting that particular crime,
> and she didn't want to. If I was in [Lieutenant] Colonel
> [D's] position I don't know how I would go home at the end
> of the day and never be able to tell my daughter that I sat
> on a rape case and acquitted the individual, and I don't
> know that -- that anyone viewing this trial could possibly
> believe considering what Lieutenant Colonel [D] and his
> family have gone through that Airman Leonard is getting a
> fair trial.

6

As to CPT P, trial defense counsel challenged him based on implied bias and made the following argument to support this challenge:

> [CPT P] knows [CH], the victim in this case.  He has contact with her on a weekly basis.  Again, the mere fact that he knows her.  They work together, he has contact with her, and that she is the critical witness in this case against Airman Leonard, we believe would raise eyebrows and would -- would cause a third party looking on this trial to wonder with a juror like that if Airman Leonard is getting the fair and impartial panel he's entitled to, sir.

The military judge denied both challenges.  As to LTC D, the military judge explained that his ruling was based on the fact that the rape of LTC D's daughter occurred five years ago and his view that the unemotional demeanor LTC D displayed in discussing the matter demonstrated LTC D's fairness.  Regarding CPT P, the military judge opined that the interaction of the member with the victim was infrequent, even as it related to obtaining life-support gear, and that CPT P had not formed an opinion as to the credibility of the victim.

Trial defense counsel then used his sole peremptory challenge to remove LTC D, but did not state that he would have used his peremptory challenge against any other member or CPT P.[12]  Appellant pleaded not guilty, and the trial proceeded on

---

[12] R.C.M. 912(f)(4).

7

the merits.  The panel convicted Appellant of the rape offense

and sentenced him.[13]

## Discussion

R.C.M. 912(f)(1)(N) provides that a member "[s]hould not

sit" where his service would raise "substantial doubt as to

[the] legality, fairness, and impartiality" of the proceedings.

"This rule includes challenges based on actual bias as well as

implied bias."[14]  Recognizing the distinction between these two

concepts, this Court has stated:

> "The test for actual bias is whether any bias 'is such that
> it will not yield to the evidence presented and the judge's
> instructions.'"  Napoleon, 46 M.J. at 283, quoting United
> States v. Reynolds, 23 M.J. 292, 294 (CMA 1987). "While
> actual bias is reviewed through the eyes of the military
> judge or the court members, implied bias is reviewed under
> an objective standard, viewed through the eyes of the
> public."  Id., quoting Daulton [45 M.J. 212, 217 (C.A.A.F.
> 1996].  The focus "is on the perception or appearance of
> fairness of the military justice system."  Dale, 42 M.J.
> [384, 386 (C.M.A. 1995)].  At the same time, this Court has
> suggested that the test for implied bias also carries with
> it an element of actual bias.  Thus, there is implied bias
> when "most people in the same position would be
> prejudiced."  United States v. Armstrong, 54 M.J. 51, 53-54
> (2000), quoting United States v. Warden, 51 M.J. 78, 81
> (1999); United States v. Smart, 21 M.J. 15, 20 (CMA 1985).
> This Court has also determined that when there is no actual

---

[13] The court-martial convicted Appellant, contrary to his plea,
of one specification of rape in violation of Article 120, UCMJ.
The adjudged and approved sentence provides for a reduction to
E-1, forfeiture of all pay and allowances, confinement for two
years, and a dishonorable discharge from the service.  The Court
of Criminal Appeals affirmed the findings and sentence.  United
States v. Leonard, No. ACM 35444, 2005 CCA LEXIS 68, at *8, 2005
WL 486358, at *3 (A.F. Ct. Crim. App. Feb. 28, 2005).
[14] United States v. Youngblood, 47 M.J. 338, 341 (C.A.A.F. 1997).

bias, "implied bias should be invoked rarely." United States v. Rome, 47 M.J. 467, 469 (1998).[15]

The two purposes of R.C.M. 912(f)(1)(N) are to protect the actual fairness of the court-martial and to bolster the appearance of fairness of the military justice system in the eyes of the public.[16]

To further serve these purposes, and in light of the one peremptory challenge provided for in R.C.M. 912(g), this Court has repeatedly emphasized the need for a military judge to follow a "liberal grant" mandate in ruling on challenges for cause.[17]  A military judge's decision whether to grant a challenge for cause based on actual bias is reviewed for an abuse of discretion.[18]  This deferential standard exists because "we recognize that he has observed the demeanor of the participants in the voir dire and challenge process."[19]  However, we give a military judge less deference on questions of implied

---

[15] Wiesen, 56 M.J. at 174.
[16] United States v. Dale, 42 M.J. 384, 386 (C.A.A.F. 1995)(citing R.C.M. 912(f)(1)(N)).
[17] Miles, 58 M.J. at 194; Wiesen, 56 M.J. at 174; Youngblood, 47 M.J. at 341; Dale, 42 M.J. at 386; United States v. Moreno, 63 M.J. 129, 134 (C.A.A.F. 2006).
[18] United States v. James, 61 M.J. 132, 138 (C.A.A.F. 2005).
[19] Youngblood, 47 M.J. at 341 (citing United States v. Lavender, 46 M.J. 485, 488 (C.A.A.F. 1997)); see also Miles, 58 M.J. at 194-95.

bias.[20]  Implied bias is reviewed through the eyes of the

public.[21]

    Another important part of the challenge process of R.C.M.

912 is the specific procedure to preserve issues for appellate

review.  R.C.M. 912(f)(4) states:

> When a challenge for cause has been denied, failure by the
> challenging party to exercise a peremptory challenge
> against any member shall constitute waiver of further
> consideration of the challenge upon later review.  However,
> when a challenge for cause is denied, a peremptory
> challenge by the challenging party against any member shall
> preserve the issue for later review, provided that when the
> member who was unsuccessfully challenged for cause is
> peremptorily challenged by the same party, that party must
> state that it would have exercised its peremptory challenge
> against another member if the challenge for cause had been
> granted.

    The analysis to R.C.M. 912(f)(4) explains that the

requirement of preserving the objection for the record is

"designed to prevent a 'windfall' to a party which had no intent

to exercise its peremptory challenge against any other member."[22]

When the requirements of R.C.M. 912(f)(4) are met, this Court

will not apply waiver.

    Therefore, when counsel unsuccessfully challenges a member

for cause and then peremptorily challenges that member, the

issue is waived, unless counsel states on the record that the

---

[20] Youngblood, 47 M.J. at 341.
[21] Lavender, 46 M.J. at 488; United States v. Napoleon, 46 M.J.
279, 283 (C.A.A.F. 1997).
[22] Manual for Courts-Martial, United States, Analysis of the
Rules for Courts-Martial app. 21 at A21-61 (2005 ed.) (citing
United States v. Harris, 13 M.J. 288 (C.M.A. 1982)).

peremptory challenge would have been used against another member
if the challenge for cause had been granted.[23]

In the present case, trial defense counsel did not make
this mandatory statement on the record.  Because Appellant used
his sole peremptory challenge to remove LTC D from the panel,
and did not state on the record that the peremptory challenge
would have been exercised against another member if the
challenge for cause had been granted, any error as to LTC D was
waived.[24]  Accordingly, we will not address the merits of
petitioner's claim that the military judge erred by not granting
the challenge as to LTC D.

How the waiver provision of R.C.M. 912(f)(4) affects the
denial of the challenge for cause of CPT P requires its own
analysis.  As quoted above, R.C.M. 912(f)(4) provides, "However,
when a challenge for cause is denied, a peremptory challenge by
the challenging party against any member shall preserve the
issue for later review. . . ."  The requirement, to state on the
record that the objecting party would have exercised its
peremptory challenge against another member if the challenge for
cause had been granted, applies only when a member who was
unsuccessfully challenged for cause is peremptorily challenged
by the same party.  Therefore, the challenge against CPT P was

---

[23] See United States v Eby, 44 M.J. 425, 427 (C.A.A.F. 1996);
R.C.M. 912(f)(4).
[24] R.C.M. 912(f)(4).

preserved for later review because the peremptory challenge was used on someone other than CPT P.

The Government's position, that the issue is waived for failure to state on the record that the challenge would have been used elsewhere, is flawed. The waiver provision could not apply to CPT P, because Appellant used his single peremptory challenge against LTC D and did not have an additional peremptory challenge to use. Trial defense counsel could not be required to state that he would have used a nonexistent peremptory challenge against another member. Moreover, R.C.M. 912(f)(4) requires that "when a challenge for cause has been denied, failure by the challenging party to exercise a peremptory challenge against any member shall constitute waiver. . . ." Defense counsel used his peremptory challenge against LTC D ("any member"), thus he preserved his challenge for cause against CPT P.

Therefore trial defense counsel preserved for appellate review the issue relating to the military judge denying the defense causal challenge to CPT P. We now turn to the question of whether the military judge abused his discretion in denying the causal challenge to CPT P.

Again, we note that this Court has enjoined military judges to follow a liberal grant mandate in evaluating challenges for cause because implied bias is reviewed under an objective

standard,[25] through the "eyes of the public" and "focusing on the appearance of fairness."[26]  Applying this standard, we hold that the military judge abused his discretion and violated the liberal grant mandate.[27]

CPT P acknowledged that he had encountered CH at least once a week.  Most importantly he revealed that her responsibilities for his flying gear included packing his parachute and servicing his pilot helmet.  This relationship must have been one of trust.  In this acquaintance rape case where the credibility of the alleged victim is the linchpin of the case, CPT P's significant relationship of trust with CH diminishes public perception of a fair and impartial court-martial panel.  This situation undermines the appearance of fairness in the military justice system and, therefore, the military judge erred in failing to follow the liberal grant mandate.

### Decision

The decision of the United States Air Force Court of Criminal Appeals is reversed.  The findings and sentence are set aside and a rehearing is authorized.

---

[25] United States v. Daulton, 45 M.J. 212, 217 (C.A.A.F. 1996).
[26] United States v. Rome, 47 M.J. 467, 469 (C.A.A.F. 1998).
[27] See Miles, 58 M.J. at 195.