UNITED STATES, Appellee

v.

Michael V. MARTINEZ, Airman First Class
U.S. Air Force, Appellant

No. 08-0375

Crim. App. No. S31080

United States Court of Appeals for the Armed Forces

Decided November 13, 2008

PER CURIAM


Counsel

For Appellant:  Lieutenant Colonel Mark R. Strickland and
Captain Griffin S. Dunham (on brief).

For Appellee:  Colonel Gerald R. Bruce, Major Donna S. Rueppell,
and Major Jeremy S. Weber (on brief).

Military Judge:  James B. Roan


**THIS OPINION IS SUBJECT TO REVISION BEFORE FINAL PUBLICATION.**

PER CURIAM:

In accordance with his pleas, Appellant was convicted at a court-martial of one specification of drug use in violation of Article 112a, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 912a (2000).  The adjudged and approved sentence included a bad-conduct discharge, confinement for ninety days, partial forfeitures, and reduction to E-1.  Following a decision by the United States Air Force Court of Criminal Appeals affirming the findings and the sentence, Appellant petitioned for review at this Court.  United States v. Martinez, No. ACM S31080, 2008 CCA LEXIS 9, 2008 WL 179274 (A.F. Ct. Crim. App. Jan. 2, 2008) (per curiam).  On consideration of the petition for grant of review of the decision of the Court of Criminal Appeals, we grant the petition on the following issue:

> WHETHER THE MILITARY JUDGE ABUSED HIS DISCRETION WHEN HE DENIED APPELLANT'S CHALLENGE FOR CAUSE AGAINST A MEMBER WHO STATED THAT A SENTENCE TO NO PUNISHMENT WAS NOT AN OPTION AND THAT "THERE'S NO ROOM IN MY AIR FORCE FOR PEOPLE [WHO] ABUSE DRUGS."

Upon consideration of the granted issue, the decision of the Court of Criminal Appeals is reversed.

The record reflects that after Appellant's guilty plea to a single specification of drug use was accepted, the following responses were elicited from the president of the court-martial during voir dire for sentencing:

2

> DC:  Does anyone on the panel hold a moral or maybe a philosophical or perhaps a religious belief against drug use so much that they would be biased against [Appellant] in coming to a sentence today?
>
> [The members indicated a negative response.]
>
> DC:  That's a negative response from all members.
>
> DC:  I guess -- Colonel Donovan -- I sensed a little bit of hesitation.  I don't want my question to be confusing, so I just want to clarify with you that you wouldn't have any moral or philosophical or religious conviction.
>
> MBR (Lieutenant Colonel Donovan):  No -- just as an ex-squadron commander -- former squadron commander -- I mean -- my guideline has always been that there's no room in my Air Force for people that abuse drugs -- you know -- violate the articles and laws that we have set forth.

Later on during general voir dire, defense counsel explained that the sentencing worksheet would include "no punishment" as an option in Appellant's case.  Defense counsel asked Lieutenant Colonel (Lt Col) Donovan, "I'm just kind of throwing this out there -- just to see what your thoughts on it are -- but is no punishment an option for you to consider in a case such as this?"  Lt Col Donovan responded, "[n]o," and explained, "[Appellant] used the drug.  He admitted he used it.  He obviously knew it was wrong and came forward with his guilt, and there has to be punishment for it."  Defense counsel countered, "So, [no punishment] couldn't be a consideration?"  Lt Col Donovan responded, "No."  The military judge then explained:

You don't have to come to a decision in your mind --
after you've deliberated -- to no punishment based on
this question.  Legally, the only thing you have to
do is be able to consider it as an option -- to weigh
it against the evidence and the law and instructions
as I give them to you -- to be willing to say that --
I will consider whether no punishment is appropriate
in this case.  Whether you ultimately come out with
that decision is completely up to you -- it's just --
I need to know whether you are so predisposed that --
I will consider nothing in the possibility of no
punishment -- that you can't sit impartially in this
trial.  You may ultimately decide -- in your own mind
-- that no punishment is not appropriate -- if that's
what you think is the right answer -- but I just need
to know whether you will or will not consider the
evidence -- and consider the possibility of no
punishment.

> . . . .

It's an open-mind issue.

When asked whether he could maintain an open mind on considering no punishment as an option, Lt Col Donovan agreed, "Yes, I can do that."

During individual voir dire of Lt Col Donovan, the following exchange took place between the military judge and Lt Col Donovan:

MJ:  I believe you said -- in response to a question
that was asked of you by counsel -- you said
something to the effect of -- no room for people in
the Air Force -- or -- there was no room in the Air
Force for people who may have used drugs?

MBR:  In my Air Force -- is what I believed I
answered.

MJ:  In your Air Force -- okay.  Again, as I've
mentioned before -- a couple of times now -- one area
that I can't allow a member to sit on is if they have

4

that inelastic predisposition, so if you've already made up your mind that -- because [Appellant] was convicted of using meth, which, in fact, has happened, that he automatically must be discharged from the Air Force because you don't have room in the Air Force for that type of conduct, I need to know about it --

MBR: All right, sir.

MJ: -- so, is that the case? Have you already made up your mind that he must automatically be discharged?

MBR: No, I think -- what I -- what I was probably more alluding to in my response on that was -- more of -- okay -- he's guilty -- I mean -- he's done it -- all right? So, there has to be a punishment to fit the crime -- whatever that case may be. Now, he's guilty to his use -- hear all the evidence -- and we'll weigh it from no punishment to the max. I can do that, but something has to be done. We're going through the process, so that's the part that has to be done, and -- I guess -- that was more where my response was being directed.

The defense challenge of this member for cause was denied.

In denying the challenge, the military judge did not indicate whether or not he had considered the issue of implied bias. Consistent with our cases dealing with implied bias and the liberal grant mandate, we hold that the military judge erred. See United States v. Clay, 64 M.J. 274 (C.A.A.F. 2007); United States v. Leonard, 63 M.J. 398 (C.A.A.F. 2006); United States v. Strand, 59 M.J. 455 (C.A.A.F. 2004); United States v. Downing, 56 M.J. 419 (C.A.A.F. 2002); United States v. Rome, 47 M.J. 467 (C.A.A.F. 1998). "[I]n close cases military judges are enjoined to liberally grant challenges for cause." Clay, 64

M.J. at 277. The issue is whether Lt Col Donovan possessed an inelastic attitude with respect to punishment, including with respect to whether Appellant should be punitively discharged from the service.

An accused is entitled to a fair and impartial panel of members. United States v. James, 61 M.J. 132, 138 (C.A.A.F. 2004) (quoting Strand, 59 M.J. at 458). Consistent with that enjoinder, the accused is entitled to have his case heard by members who are not predisposed or committed to a particular punishment, or who do not possess an inelastic attitude toward the punitive outcome. Id. (citing Rule for Courts-Martial (R.C.M.) 912 Discussion).

On the one hand, Lt Col Donovan expressed what appeared to be an inelastic attitude with respect to Appellant's punitive discharge from the service when he said, "there's no room in my Air Force for people that abuse drugs -- you know -- violate the articles and laws that we have set forth." Upon further questioning by the military judge, Lt Col Donovan also said, "So, there has to be a punishment to fit the crime."

On the other hand, the military judge questioned Lt Col Donovan during individual voir dire and probed his views. "Again, as I've mentioned before -- a couple of times now -- one area that I can't allow a member to sit on is if they have that inelastic predisposition . . . ." In response, Lt Col Donovan

stated: "All right, sir." Moreover, when the military judge asked, "Have you already made up your mind that he must automatically be discharged?", Lt Col Donovan responded, "No." Lt Col Donovan also stated that he could keep an open mind on whether to discharge Appellant.

However, the problem with this second line of argument is that the rehabilitation of Lt Col Donovan fell short. First, Lt Col Donovan's responses to the military judge were qualified, if not hesitant. More importantly, while he may have disavowed an inelastic attitude toward a punitive discharge, he did not disavow an inelastic attitude toward punishment. To the contrary, given repeated opportunities to do so, Lt Col Donovan said, "So, there has to be a punishment to fit the crime -- whatever that case may be. . . . [W]e'll weigh it from no punishment to the max. I can do that, but something has to be done."

Lt Col Donovan's views went directly to the issue of what sentence, if any, should be imposed on Appellant, in a case involving a single specification of use of methamphetamines. His response was qualified and inelastic as to the necessity of some punishment. These responses, combined with the fact that Lt Col Donovan was the senior member of the panel, in our view, would lead an objective observer to question whether Appellant received a fair sentencing hearing. In turn, we are left with

substantial doubt as to the fairness or impartiality of the member in question and conclude that the military judge abused his discretion in not granting the challenge for cause.[*]

The decision of the United States Air Force Court of Criminal Appeals is affirmed as to the findings but is reversed as to the sentence. The sentence is set aside and the record of trial is returned to the Judge Advocate General of the Air Force. A rehearing on sentence may be ordered.

---

[*] As a result, we need not and do not address the question of actual bias.