UNITED STATES, Appellee

v.

Kirk V. BRIGGS, Technical Sergeant
U.S. Air Force, Appellant

No. 06-0178

Crim. App. No. 35123

United States Court of Appeals for the Armed Forces

Argued October 24, 2006

Decided January 25, 2007

BAKER, J., delivered the opinion of the Court, in which EFFRON, C.J., and ERDMANN, J., joined.

STUCKY and RYAN, JJ., did not participate.

Counsel

For Appellant:  Captain Timothy M. Cox (argued); Lieutenant Colonel Mark R. Strickland and Captain Vicki A. Belleau (on brief).


For Appellee:  Captain Daniel J. Breen (argued); Colonel Gerald R. Bruce and Lieutenant Colonel Robert V. Combs (on brief).


Military Judge:  Bryan T. Wheeler


**THIS OPINION IS SUBJECT TO REVISION BEFORE FINAL PUBLICATION**

Judge BAKER delivered the opinion of the Court.

Appellant was tried by general court-martial consisting of officer members.  Contrary to his pleas, Appellant was convicted of four specifications of selling military property and one specification of larceny on divers occasions, in violation of Articles 108 and 121, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 908, 921 (2000), respectively.  The adjudged sentence included a dishonorable discharge, forfeiture of all pay and allowances, confinement for five years, and reduction to E-1.  The convening authority approved the adjudged sentence, and waived forfeitures pursuant to Article 58b(b), UCMJ, 10 U.S.C. § 858b(b) (2000).  The court below affirmed.

On Appellant's petition, we granted review on the following issue:

> WHETHER THE MILITARY JUDGE ERRED IN DENYING APPELLANT'S CHALLENGE FOR CAUSE AGAINST CAPTAIN H.

## BACKGROUND

Appellant was an electro-environmental technician whose duties involved maintaining C-5 aircraft at Travis Air Force Base.  He was accused of stealing and later re-selling survival vests from the aircraft he was responsible for maintaining.

Captain (Capt) H, the wife of Appellant's flight commander, was detailed to serve as a court member at Appellant's court-martial.  Capt H raised her hand when asked whether she had

prior knowledge of the case. On voir dire, Capt H stated that she had learned from her husband that "vests went missing and that the person or a person -- I didn't know who -- was put on desk duty." Upon further questioning, Capt H stated that she did not know any additional details about the case, and that her husband was deployed to Kuwait at the time of the trial.

Appellant challenged Capt H for cause, arguing that there would be an appearance of unfairness if the wife of Appellant's commanding officer were allowed to sit on Appellant's court-martial. The military judge denied Appellant's challenge, noting that Capt H "wasn't aware precisely of which flight the person was in" and since Capt H's husband was currently deployed to Kuwait there would be little chance for them to discuss the case. The military judge further concluded that Capt H "appeared to be quite sincere and listened quite attentively as I instructed her on what she could consider" and that "regardless of whether she had a discussion with her husband . . . there is going to be evidence presented that vests were missing from one of the flights on this base." Appellant preserved this issue on appeal by using his sole peremptory challenge against another member of the panel. Rule for Courts-Martial (R.C.M.) 912(f)(4).

DISCUSSION

R.C.M. 912(f)(1)(N) requires removal for cause when a court member should not sit "in the interest of having the court-martial free from substantial doubt as to legality, fairness and impartiality." R.C.M. 912 (f)(1)(N) encompasses both actual and implied bias. United States v. Strand, 59 M.J. 455, 458 (C.A.A.F. 2004). The concepts of actual and implied bias are "separate legal tests, not separate grounds for challenge." United States v. Armstrong, 54 M.J. 51, 53 (C.A.A.F. 2000). Because a challenge based on actual bias is "essentially one of credibility," and because "the military judge has an opportunity to observe the demeanor of court members and assess their credibility on voir dire," a military judge's ruling on actual bias is afforded deference. United States v. Daulton, 45 M.J. 212, 217 (C.A.A.F. 1996) (citations and quotation marks omitted). However, implied bias is "viewed through the eyes of the public, focusing on the appearance of fairness." United States v. Rome, 47 M.J. 467, 469 (C.A.A.F. 1998). Implied bias exists when, "regardless of an individual member's disclaimer of bias, most people in the same position would be prejudiced [that is, biased]." United States v. Napolitano, 53 M.J. 162, 167 (C.A.A.F. 2000). Since implied bias is an objective standard, a military judge's ruling on implied bias, while not reviewed de novo, is afforded less deference than a ruling on actual bias.

Strand, 59 M.J. at 458.  However, deference is warranted only when the military judge indicates on the record an accurate understanding of the law and its application to the relevant facts.  United States v. Downing, 56 M.J. 419, 422 (C.A.A.F. 2002).

In this case, the military judge addressed Appellant's challenge to Capt H without expressly addressing implied bias or the liberal grant mandate on the record.  Rather, the military judge discussed various factors relating to Capt H's demeanor, her professed lack of knowledge, and her husband's absence during Appellant's court-martial.  While the military judge's analysis made it clear that he found no actual bias, we do not know what, if any, reasoning prompted him to deny a challenge predicated on implied bias.  In United States v. Clay, 64 M.J. __ (6-8) (C.A.A.F. 2007), we stated:

> [I]n light of the role of the convening authority in selecting courts-martial members and the limit of one peremptory challenge per side, military judges are enjoined to be liberal in granting defense challenges for cause. Challenges based on implied bias and the liberal grant mandate address historic concerns about the real and perceived potential for command influence on members' deliberations.
>
> . . . .
>
> In short, the liberal grant mandate is part of the fabric of military law.  The mandate recognizes that the trial judiciary has the primary responsibility of preventing both the reality and the appearance of bias involving potential court members.

Applying the standard for implied bias, we conclude that the military judge erred when he denied the challenge for cause against Capt H. It is true that Capt H's responses did not reflect actual bias against Appellant. Among other things, Capt H disclaimed prior knowledge of the case beyond the fact that some "vests went missing."

However, there are a number of factors that necessitated dismissing Capt H from the panel.[1] First, her husband was a member of the squadron whose members' safety might have been implicated by the theft. The military judge was aware of the safety concerns. Immediately before the questioning of Capt H, two other members had expressed the view that the thefts could have affected mission safety. Second, Capt H was married to Appellant's flight commander, whose performance evaluation could be affected by criminal conduct regarding critical squadron equipment that was supposed to be safeguarded in a secure area. Third, in military practice, the immediate commander is often responsible for the initial inquiry into potential misconduct occurring within his command and the initial decision as to disposition. See R.C.M. 301; R.C.M. 303; R.C.M. 306. Moreover,

---

[1] "Although military or national security exigencies may create personnel circumstances relevant to the liberal grant analysis, there is no indication in the record that this was the reason for the military judge's denial of Appellant's challenge for cause." Clay, 64 M.J. at ___ (11, n.2).

if the immediate commander lacks the authority to dispose of the matter at his level, he forwards the matter to a superior. R.C.M. 306.  The intent of the drafters of the UCMJ was to "prevent courts martial from being an instrumentality and agency to express the will of the commander,"[2] or to appear to be such an instrumentality.  The decision to retain Capt H, the spouse of Appellant's immediate commander, unnecessarily raised the perception of improper command bias.  For these reasons, we conclude that the military judge erred by denying the challenge for cause against Capt H, the spouse of Appellant's commander whose safety might have been affected by the alleged theft, on the ground of implied bias.

DECISION

The decision of the United States Air Force Court of Criminal Appeals is reversed and the findings and sentence are set aside.  The record of trial is returned to the Judge Advocate General of the Air Force.  A rehearing may be authorized.

---

[2] Uniform Code of Military Justice:  Hearings on H.R. 2498 Before a Subcommittee of the House Committee on Armed Services, 81st Cong. 606 (1949) (statement of Professor Edmund M. Morgan Jr.), reprinted in Index and Legislative History, Uniform Code of Military Justice (1950) (not separately paginated).