UNITED STATES

v.

**Technical Sergeant Ronald D. BRYANT,
United States Air Force.**

ACM 36515.

U.S. Air Force Court of Criminal Appeals.

Sentence Adjudged 14 May 2005.

16 Aug. 2007.

Appellate Counsel for Appellant: Colonel Nikki A. Hall, Lieutenant Colonel Mark R. Strickland, Captain Kimberly A. Quedensley, Captain Anthony D. Ortiz, and Captain Griffin S. Dunham.

Appellate Counsel for the United States: Colonel Gerald R. Bruce, Major Matthew S. Ward, Major Kimani R. Eason, Major Amy E. Hutchins, and Captain Jefferson E. McBride.

Before FRANCIS, SOYBEL, and BRAND, Appellate Military Judges.

## OPINION OF THE COURT

FRANCIS, Senior Judge:

The appellant stands convicted, contrary to his pleas, of eight specifications of violating a lawful general regulation and two specifications of providing alcohol to minors, in violation of Articles 92 and 134, UCMJ, 10 U.S.C. §§ 892, 934. A panel of officers sentenced him to a dishonorable discharge, 3 years confinement, forfeiture of all pay and allowance, and reduction to E–1. The convening authority approved only so much of the sentence as provided for a dishonorable discharge, 18 months confinement, and reduction to E–1.

We find the military judge abused his discretion in denying a defense challenge for cause. Based on our disposition of this issue, we need not address the appellant's ten other assertions of error.

Although the appellant was tried by a general court-martial, the Commander, 45th Space Wing (45 SW/CC), acting as the Special Court–Martial Convening Authority (SPCMCA), performed an important role in

the overall process. He directed an Article 32, UCMJ, 10 U.S.C. § 932, investigation be conducted, appointed the Article 32 Investigating Officer, and ultimately forwarded the case to the General Court–Martial Convening Authority (GCMCA) for disposition, along with a list of potential court members. The 45 SW/CC's involvement and impact in the case were significant. The Article 32 Investigating Officer recommended that six of the original specifications alleged against the appellant be dismissed and that the case be tried by special court-martial. The 45 SW/CC disagreed and recommended that only four of the specifications at issue be dropped and that the case be tried by general court-martial. The GCMCA took the course recommended by the 45 SW/CC. When the appellant submitted a request for discharge in lieu of trial by court-martial, the 45 SW/CC recommended it be denied. The GCMCA denied it.

None of the 45 SW/CC actions outlined above are inappropriate; all are consistent with the normal role of a SPCMCA. We highlight them simply to emphasize the importance of the SPCMCA to the court-martial process, both generally and specifically with regard to processing of the appellant's case.

One of the court-members selected by the GCMCA to sit on the appellant's court-martial was Colonel (Col) C, the Individual Mobilization Augmentee (IMA) to the 45 SW/CC. Based on his responses to voir dire by the military judge and counsel, Col C had no prior involvement with the appellant's case and was unaware of the details of the appellant's purported misdeeds. However, Col C described himself as "part of the [45 SW] command section," who was generally "used in capacity almost like a second vice commander," and would "substitute in meetings for either the commander or the vice commander." He also, at times, served as the wing commander when the 45 SW/CC was away, albeit for a total of only about a week over a two-year period. Based on these re-

sponses and because Col C, when acting for or sitting as the 45 SW/CC, had relied on the professional advice of the assistant trial counsel on official matters unrelated to the appellant's case, the appellant challenged Col C for cause, arguing both actual and implied bias. The military judge denied the challenge. In doing so, the military judge provided only minimal explanation of his decision and no analysis at all with regard to the issue of implied bias, simply stating:

> As to all three of these individuals I do not find that there is any actual bias on the part of any of the three.[1] They have all indicated that their contact with [the Assistant Trial Counsel] was minimal and that they could set that aside and be fair and impartial. As to implied bias, defense arguing that Colonel [C] having functioned as the wing commander, for a period, he indicated one week's worth of time, but having access to the briefings that were given by the legal office, one of those being from [the Assistant Trial Counsel], that would rise to the level of implied bias. I do not so find. And the challenge for cause as to Colonel [C] is denied.

The appellant thereafter used his sole peremptory challenge against Col C. He properly preserved the issue for appeal by stating he would have used his peremptory challenge against another court member had the challenge for cause of Col C been granted. *See* Rule for Courts–Martial (R.C.M.) 912(f)(4).[2]

■ Any member whose presence on the court conflicts with the "interest of having the court-martial free from substantial doubt as to legality, fairness and impartiality" must be removed for cause. R.C.M. 912(f)(1)(N). This rule encompasses both actual and implied bias. *United States v. Clay*, 64 M.J. 274, 276 (C.A.A.F.2007). Determinations of member bias, whether actual or implied, must be based on the totality of the surrounding circumstances, with due recognition that "challenges for cause are to be liberally granted." *United States v. Terry*, 64 M.J. 295, 302 (C.A.A.F.2007). "Challenges based

---

1. As is evident from the quoted language, Col C was one of a trio challenged for cause by the appellant at trial. Only the ruling on the challenge of Col C is at issue on appeal.

2. The case was tried prior to November 2005, and fell under the version of this rule in effect before that time. *See* Exec. Ord. No. 13397, (13 Nov 2005).

on implied bias and the liberal grant mandate address historic concerns about the real *and* *perceived* potential for command influence on members' deliberations." *Clay,* 64 M.J. at 276–277 (emphasis added).

The test for actual bias is whether a prospective member holds any preconceived viewpoint or position "that will not yield to the evidence presented and the judge's instructions." *Id.* "The existence of actual bias is a question of fact, and we consequently provide the military judge with significant latitude in determining whether it is present...." *Id.* Such determinations generally require a credibility assessment of the member(s) concerned. Because "the military judge has an opportunity to observe the demeanor of court members and assess their credibility during voir dire," we accord a military judge's ruling on actual bias great deference. *Id.* at 276. Applying this standard to the record before us, we find no fault with the military judge's determination that Col C lacked actual bias. However, we find the appellant's assertion of error regarding implied bias persuasive.

■ Whether implied bias exists is determined by objectively viewing the issue "through the eyes of the public, focusing on the appearance of fairness." *United States v. Briggs,* 64 M.J. 285, 286 (C.A.A.F.2007); *Clay,* 64 M.J. at 276. "Accordingly, a military judge's ruling on implied bias, while not reviewed de novo, is afforded less deference than a ruling on actual bias." *Id.* Moreover, we accord the military judge no deference at all when, as here, he fails to indicate on the record the basis for his ruling, either as to the legal standard applied or the relevant facts upon which he relied. *Briggs,* 64 M.J. at 287. In this regard, "[w]e do not expect record dissertations but, rather, a clear signal that the military judge applied the right

law." *Terry,* 64 M.J. at 305 (quoting *United States v. Downing,* 56 M.J. 419, 422 (C.A.A.F.2002)). The military judge's cursory explanation in this case does not meet that requirement.

■ Applying the abuse of discretion standard, the absence of any rationale or reference to the legal standard applied forces us to conclude the military judge abused his discretion when he denied the challenge for cause against Col C. Whether viewed as a "second vice commander" or just the wing commander's IMA, he is likely to be perceived by most members of the Air Force and the public as the alter ego of the commander he serves. Indeed, Col C indicated that he himself on occasion served in the commander's stead when he was away and substituted in meetings for the commander. Because that commander is, in this case, the same SPCMCA who played a substantial role in the court-martial process of this appellant, Col C's position as a prospective court-member raised an appearance of unfairness. Accordingly, absent a rational and factually supportable finding by the military judge that the appearance of unfairness was overcome by other factors, the challenge for cause should have been granted. Failure to do so constituted prejudicial error.

### Conclusion

The findings and sentence are set aside. A rehearing is authorized.