UNITED STATES of America

v.

Jason M. BAGSTAD, Staff Sergeant
(E–6), U.S. Marine Corps.

NMCCA 200602454.

U.S. Navy–Marine Corps Court
of Criminal Appeals.

Sentence Adjudged 24 Jan. 2008.

30 Dec. 2008.

Staff Judge Advocate's Recommendation:
LtCol M.B. Richardson, USMC.

For Appellant: Capt Anthony Burgos, USMC.

For Appellee: LT Duke Kim, JAGC, USN.

Before GEISER, Senior Judge, KELLY, and BOOKER, Appellate Military Judges.

## PUBLISHED OPINION OF THE COURT

GEISER, Senior Judge:

This case is before us for the second time. We previously set aside the findings and sentence and remanded for rehearing or dismissal. *United States v. Bagstad,* No. 200602454, 2007 WL 3307025, 2007 CCA LEXIS 444, unpublished op. (N.M.Ct.Crim. App. 31 Oct. 2007). The appellant was retried in January 2008, by special court-martial with enlisted representation, and convicted, contrary to his plea, of wrongful use of marijuana in violation of Article 112a, Uniform Code of Military Justice, 10 U.S.C. § 912a. The approved sentence was a bad-conduct discharge.

The appellant asserts that the military judge abused his discretion by denying the appellant's challenge for cause against Captain (Capt) Stojka. After considering the record of trial, the appellant's assignment of error, the Government's answer, and oral argument by the parties, we conclude that the findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of the appellant occurred. Arts. 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a) and 866(c).

### Background

The appellant's court-martial assembled with two officer and three enlisted members. The military judge *sua sponte* excused one of the two officers when individual *voir dire* revealed that she had previously been the appellant's commanding officer and was aware of a pending special court-martial conviction. Following group and individual *voir dire,* the defense challenged Capt Stojka for cause stating:

He [Capt Stojka] writes on one of the other members, Gunnery Sergeant Walston. The [convening authority] is [Stojka's] reporting senior. The [convening authority] and he have shared a discussion on

military justice and the [convening authority's] view on military justice, the meaning of which is hard to decipher. But it seems clear that Captain Stojka was reluctant to answer to speak about that conversation.

Record at 51.

With respect to the senior-subordinate relationship between Capt Stojka and Gunnery Sergeant (GySgt) Walston, the record reveals that the military judge asked for and received assurance from both GySgt Walston and Capt Stojka that their official senior-subordinate relationship would neither "inhibit" GySgt Walston from offering an opinion contrary to that of Capt Stojka nor lead Capt Stojka to feel "undermined" if the GySgt disagreed with him. We further note that the individual military counsel (IMC) did not question Capt Stojka or GySgt Walston about their senior-subordinate relationship.

The military judge denied the defense challenge for cause noting that application of the liberal grant mandate does not mean that he is obliged to grant all challenges for cause without a basis. He also took issue with the defense characterization of Capt Stojka's reluctance to discuss his conversations with the convening authority, noting that Capt Stojka was apparently "reluctant to try and decide what the convening authority wanted done in this case...." Record at 52. The military judge further noted that the alleged conversation about military justice "did not appear to be about military justice, more to do with the law center and the way they handled business over here ..." *Id.* The military judge did not directly comment on the fact that Capt Stojka was GySgt Walston's reporting senior. Following the military judge's denial, the appellant exercised his preemptory challenge against one of the three enlisted members of the venire, not Capt Stojka.

On appeal, the appellant focuses on the question of implied bias arising from the superior-subordinate relationship between Capt Stojka and GySgt Walston. Relying on *United States v. Wiesen,* 56 M.J. 172 (C.A.A.F.2001), the appellant now argues that while the existence of a superior-subordinate relationship between two panel mem-

bers is not evidence of bias, such a relationship creates an improper impression when the individuals involved comprise a majority of the panel sufficient to convict an appellant. In the instant case, the final panel consisted of three members.

## Discussion

■ We review issues of implied bias for an abuse of discretion, but the objective nature of the inquiry affords less deference to the military judge. *United States v. Townsend*, 65 M.J. 460, 463 (C.A.A.F.2008)(citing *United States v. Armstrong*, 54 M.J. 51, 53 (C.A.A.F.2000) and *United States v. Napoleon*, 46 M.J. 279, 283 (C.A.A.F.1997)). However, "[a] military judge who addresses implied bias by applying the liberal grant mandate on the record will receive more deference on review than one that does not." *United States v. Clay*, 64 M.J. 274, 277 (C.A.A.F.2007). "Consequently, 'we will overturn a military judge's ruling ... [only] where he clearly abuses his discretion in applying the liberal grant mandate.'" *Townsend*, 65 M.J. at 464 (quoting *United States v. Moreno*, 63 M.J. 129, 134 (C.A.A.F.2006)).

■ "An accused is entitled to a trial by members who are qualified, properly selected, and impartial." *Moreno*, 63 M.J. at 132 (citing Article 25, UCMJ, 10 U.S.C. § 825); *see also* RULE FOR COURTS-MARTIAL 912(f)(1)(N), MANUAL FOR COURTS-MARTIAL, UNITED STATES (2005 ed.). A member should be removed for cause "'in the interest of having the court-martial free from substantial doubt as to legality, fairness and impartiality.'" *Clay*, 64 M.J. at 276 (quoting *United States v. Strand*, 59 M.J. 455, 458 (C.A.A.F.2004)). We view implied bias objectively "'through the eyes of the public,'" focusing on the appearance of fairness. *Townsend*, 65 M.J. at 463 (quoting *United States v. Schlamer*, 52 M.J. 80, 92–93 (C.A.A.F.1999) and *United States v. Dale*, 42 M.J. 384, 386 (C.A.A.F.1995)).

■ In focusing on the public perception of fairness, we consider the perspective of reasonable people possessed with "all the facts." *United States v. Townsend*, No. 200501197, 2007 CCA LEXIS 23 at 10, un-

published op. (N.M.Ct.Crim.App. 12 Jan. 2007), *aff'd*, 65 M.J. 460 (C.A.A.F.2008); *see United States v. Lewis*, 63 M.J. 405, 415 (C.A.A.F.2006)(noting that the objective test for the appearance of unlawful command influence is similar to the test for implied bias, and considering a member of the public "fully informed of all the facts and circumstances").

In *Wiesen*, the court found implied bias, where the military judge rejected a for-cause challenge against the senior member of a venire, when the senior member and his subordinates "comprised the two-thirds majority sufficient to convict." 56 M.J. at 175. The senior member was a colonel (brigade commander) and his subordinates included three lieutenant colonels, a major, a 1stSgt, and a command sergeant major. *Id.* at 173–74. Despite the subordinate members' acknowledgements that they would not be influenced by the senior member in deliberations, the court found that the senior-subordinate relationship placed "an intolerable strain on public perception of the military justice system," and set aside the findings and sentence. *Id.* at 175.

In reaching this decision, the court noted that the existence of a senior-subordinate relationship is not a *per se* disqualification, but a "contextual" one rooted in the public's perception of respect and deference afforded to senior officers in the military. *Id.* at 175–76 (citing *United States v. Rome*, 47 M.J. 467, 469 (C.A.A.F.1998), *United States v. White*, 36 M.J. 284, 287 (C.M.A.1993) and *United States v. Murphy*, 26 M.J. 454, 455 (C.M.A.1988)).

We, therefore, focus on an informed public's perception of deference and respect afforded to senior officers in the armed forces, and examine all the facts and circumstances in the context of the senior-subordinate relationship between a captain and a gunnery sergeant. *Id.* at 175–176; *see Lewis*, 63 M.J. at 415; *Townsend*, 2007 CCA LEXIS 23.

## Analysis

■ Although we are faced with a panel containing a senior-subordinate relationship comprising two-thirds of the panel membership, as in *Wiesen*, the contextual facts are quite different. First, this case involves a

company-grade officer as opposed to a senior field-grade officer. This difference alone serves to significantly diminish a knowledgeable perception that military deference to a senior officer would play a role in deliberations. We further note that GySgt Walston had seven more years of experience in the Marine Corps than Capt Stojka and was three years his elder. This inversion of military and life experience between the senior and subordinate does not appear to have been the case in *Wiesen*. This inversion of experience also significantly diminishes any knowledgeable perception that GySgt Walston would blindly follow his supervisor's lead. Moreover, the other panel member, 1stSgt Nguyen, like GySgt Walston, was a senior noncommissioned officer (NCO) with considerable experience; he was a veteran of both the conflicts in Afghanistan and Iraq, and had 14 years of service in the Marine Corps. The camaraderie between, and respect and deference for, senior NCO's, is significant. The presence of two experienced NCO's on the panel further weakens any reasonable perception that GySgt Walston would be improperly influenced by Capt Stojka's supervisory position.

Further, unlike *Wiesen*, which featured multiple subordinates, the instant case reveals only a single senior-subordinate relationship. The six senior-subordinate relationships in *Wiesen* included three lieutenant colonels that a knowledgeable public might reasonably perceive as competing for promotion. This fact alone creates a source of potential pressure for the subordinates to attempt to curry favor from their superior. No such competitive grouping exists in the instant case.

Taking into account the particular context of this case, we find that the dynamic of a three-member panel comprised of a company-grade officer and two senior NCO's would not reasonably strain an informed public's perception of fairness in the military justice system. In this context, we objectively see no plausible risk that an informed public would perceive that the accused did not get a full and fair trial. We find, therefore, that the military judge did not commit a clear abuse of discretion in denying the challenge for cause against Capt Stojka.

### Conclusion

The findings and the approved sentence are affirmed.

Judge KELLY and Judge BOOKER concur.