UNITED STATES, Appellee

v.

Jason M. BAGSTAD, Staff Sergeant
U.S. Marine Corps, Appellant

No. 09-0429

Crim. App. No. 200602454

United States Court of Appeals for the Armed Forces

Argued December 7, 2009

Decided April 13, 2010

STUCKY, J., delivered the opinion of the Court, in which EFFRON,
C.J., and RYAN, J., joined.  BAKER, J., filed a separate
dissenting opinion, in which ERDMANN, J., joined.


Counsel

For Appellant:  Major Anthony W. Burgos, USMC (argued).

For Appellee:  Colonel Louis J. Puleo, USMC (argued); Lieutenant
Duke J. Kim, JAGC, USN, and Brian K. Keller, Esq. (on brief);
Captain Geoffrey S. Shows, USMC.

Amicus Curiae for Appellant:  Eugene R. Fidell, Esq., Michelle
M. Lindo McCluer, Esq., Stephen A. Saltzburg, Esq., and Jonathan
E. Tracey, Esq. (on brief) -- for the National Institute of
Military Justice.

Military Judges:  J. Wynn (arraignment) and P. J. Ware (trial)

THIS OPINION IS SUBJECT TO REVISION BEFORE FINAL PUBLICATION.

Judge STUCKY delivered the opinion of the Court.

We granted review to determine whether the military judge abused his discretion in denying Appellant's challenge for cause against Captain (Capt) Stojka, who sat with his subordinate on a court-martial panel composed of three members. We hold that the military judge did not err in denying the challenge for cause.

I.

Contrary to his pleas, a special court-martial composed of members convicted Appellant of wrongfully using marijuana, in violation of Article 112a, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 912a (2006). The members sentenced Appellant to a bad-conduct discharge and reduction to the lowest enlisted grade. The convening authority approved the bad-conduct discharge but disapproved the reduction in grade, and the United States Navy-Marine Corps Court of Criminal Appeals (CCA) affirmed. United States v. Bagstad, 67 M.J. 599, 602 (N-M. Ct. Crim. App. 2008). The CCA had previously set aside Appellant's conviction and remanded for a rehearing or a dismissal. United States v. Bagstad, No. NMCCA 200602454, 2007 CCA LEXIS 444, at *1, 2007 WL 3307025, at *1 (N-M. Ct. Crim. App. Oct. 31, 2007) (unpublished).

At the second court-martial, the venire was originally composed of five members: Capt Pirttinen, Capt Stojka, First Sergeant Nguyen, Gunnery Sergeant (GySgt) Walston, and GySgt

2

Hightower. Voir dire revealed that Capt Stojka was the senior reporting officer for GySgt Walston. The military judge asked GySgt Walston if he would feel inhibited in any way in voicing an opinion that disagreed with Capt Stojka's opinion, and GySgt Walston responded that he would not. The military judge then asked Capt Stojka whether he would feel undermined if a subordinate voiced an opinion different from his in deliberations, and Capt Stojka responded that he would not. The defense did not question either Capt Stojka or GySgt Walston about their senior-subordinate relationship.

After questioning but prior to the challenges, the military judge sua sponte expressed his intention to excuse Capt Pirttinen based on her knowledge of the results of Appellant's previous trial. The defense then challenged Capt Stojka for cause, in part on the ground that Capt Stojka wrote GySgt Walston's fitness report.

The Government responded by arguing that GySgt Walston was an experienced staff noncommissioned officer who would have no trouble being on the same panel as Capt Stojka. The military judge then denied the challenge for cause against Capt Stojka. The military judge's analysis did not specifically address Capt Stojka's reporting relationship with GySgt Walston.

The defense exercised its peremptory challenge on GySgt Hightower. The military judge then formally excused Capt

Pirttinen and GySgt Hightower.  The defense did not object to the final composition of the three-member panel.

## II.

Appellant argues that the military judge's denial of the challenge for cause resulted in an unfair trial because the senior member and one of his subordinates comprised the two-thirds majority sufficient to convict.

Rule for Courts-Martial (R.C.M.) 912(f)(1)(N) mandates that a member be excused whenever he should not sit "in the interest of having the court-martial free from substantial doubt as to legality, fairness, and impartiality."  "This rule encompasses challenges based upon both actual and implied bias."  United States v. Elfayoumi, 66 M.J. 354, 356 (C.A.A.F. 2008) (citing United States v. Clay, 64 M.J. 274, 276 (C.A.A.F. 2007)). "Implied bias exists when, 'regardless of an individual member's disclaimer of bias, most people in the same position would be prejudiced . . . .'"  United States v. Briggs, 64 M.J. 285, 286 (C.A.A.F. 2007) (quoting United States v. Napolitano, 53 M.J. 162, 167 (C.A.A.F. 2000)).  The test for determining an R.C.M. 912(f)(1)(N) challenge for implied bias is objective, "'viewed through the eyes of the public, focusing on the appearance of fairness.'"  Clay, 64 M.J. at 276 (quoting United States v. Rome, 47 M.J. 467, 469 (C.A.A.F. 1998)).  The hypothetical "public" is assumed to be familiar with the military justice

4

system.  See United States v. Downing, 56 M.J. 419, 423

(C.A.A.F. 2002).  In carrying out this objective test, this

Court determines "whether the risk that the public will perceive

that the accused received something less than a court of fair,

impartial members is too high."  United States v. Townsend, 65

M.J. 460, 463 (C.A.A.F. 2008).  Challenges for actual or implied

bias are evaluated based on the totality of the factual

circumstances.  United States v. Bragg, 66 M.J. 325, 327

(C.A.A.F. 2008) (citing United States v. Strand, 59 M.J. 455,

459 (C.A.A.F. 2004)).

This Court's standard of review on a challenge for cause

premised on implied bias is "less deferential than abuse of

discretion, but more deferential than de novo review."  United

States v. Moreno, 63 M.J. 129, 134 (C.A.A.F. 2006) (citing

United States v. Armstrong, 54 M.J. 51, 54 (C.A.A.F. 2000);

United States v. Napoleon, 46 M.J. 279, 283 (C.A.A.F. 1997)).

We apply less deference in this case because the military judge

did not place his analysis concerning the senior-subordinate

relationship portion of the challenge on the record.  See United

States v. Richardson, 61 M.J. 113, 120 (C.A.A.F. 2005)

(providing less deference where the military judge's analysis

was not comprehensive).

III.

We find that the military judge did not err in denying the challenge for two reasons. First, there is no per se rule that a military judge must dismiss a member "predicated solely on the fact that a senior member of the court-martial is involved in writing or endorsing the effectiveness reports of junior members." United States v. Murphy, 26 M.J. 454, 456 (C.M.A. 1988); accord United States v. Wiesen, 56 M.J. 172, 175 (C.A.A.F. 2001). And second, there was no other evidence in the record indicating implied bias from the ratings relationship that would cause the knowledgeable member of the public to perceive that the accused's court-martial panel was not fair and impartial. See Townsend, 65 M.J. at 463.

Before the CCA and this Court, Appellant cited this Court's decision in Wiesen for the proposition that implied bias is implicated where the senior member and his subordinate constitute the two-thirds majority necessary to convict. 56 M.J. at 175. But at the time of Appellant's challenge for cause, only half of the panel was involved in any senior-subordinate relationship because Appellant had not yet exercised his peremptory challenge on GySgt Hightower. Appellant also did not object to the final composition of the three-member panel on the basis that it violated Wiesen. As such, we review the military judge's denial of the challenge from the perspective of

when Appellant objected and the military judge pronounced his ruling, not with hindsight and knowledge of the final composition of the panel.

Appellant's challenge simply asserted that Capt Stojka wrote GySgt Walston's fitness report. Appellant did not ask any questions or make any argument on the record concerning the relationships between members on the panel, the general nature of relationships between company commanders and their gunnery sergeants, or the actual nature of the relationship between Capt Stojka and GySgt Walston beyond its senior-subordinate component. Under these circumstances, there is a lack of evidence in the record supporting a claim of implied bias.

A challenge for cause is a contextual judgment that is determined through the totality of the factual circumstances. In this case, the military judge's denial of the challenge for cause was in accord with this Court's precedent that a member need not be dismissed solely on the basis of a ratings relationship with another member. We are confident that, viewed through the eyes of the public, the military judge's denial of the challenge for cause against Capt Stojka did not create doubt as to the fairness of Appellant's court-martial.

## IV.

The decision of the United States Navy-Marine Corps Court of Criminal Appeals is affirmed.

7

<u>United States v. Bagstad</u>, No. 09-0429/MC

BAKER, Judge, with whom ERDMANN, Judge, joins (dissenting):

There is no per se rule against a reporting senior and a subordinate sitting on the same court-martial panel. <u>See</u> <u>United States v. Wiesen</u>, 56 M.J. 172, 175 (C.A.A.F. 2001). The mere existence of a senior-subordinate relationship does not require a per se disqualification; rather, the decision rests on the context and is rooted in the public's perception of the deference accorded to military officers.

The problem in this case is that Appellant was tried and convicted by a three-member panel composed of a company commander, that commander's company gunnery sergeant, and a senior enlisted member from another command. That is a structure that looks more like "company office hours" (nonjudicial punishment) than a military court-martial.

There is a reason the Military Judges' Benchbook includes voir dire questions regarding the reporting chain of command. Dep't of the Army, Pam. 27-9, Legal Services, Military Judges' Benchbook ch. 2 § V, para. 2-5-1 (2010). The reason is not found in a per se rule of exclusion; nor out of concern that military members might compromise their integrity for a better fitness report. Rather, some military relationships are just too close to sustain public <u>or</u> military confidence in the fair administration of justice where such members sit together. As stated in <u>Wiesen</u>:

> [t]he focus is on the perception or appearance of
> fairness of the military justice system. At the same
> time, this Court has suggested that the test for
> implied bias also carries with it an element of actual
> bias. Thus, there is implied bias when most people in
> the same position would be prejudiced.

56 M.J. at 174 (citations and quotation marks omitted). That was the case in Wiesen and it is the case here.

The problem with the majority's analysis is that it treats the reporting chain of command like a civilian human resources department might treat it. The administrative chain of command is not a sterile concept, comprised of line diagrams and fitness reports. The analysis is divorced from the reality of military life. This case is not about fitness reports; it is about the special relationship, particularly in Marine Corps life, which exists in a company headquarters among the company commander, his executive officer, the first sergeant, and the company gunnery sergeant.

The bond among these leaders may be strong or it may be weak. They may respect each other; they may not. It need not matter. Whatever the actual rapport among these leaders in a given company, the interplay is constant, the bond unique, and the opportunity for influence or resentment continuous. We should, however, recognize that these relationships permeate company grade life. The point is that in a Marine company the

2

relationship between the commanding officer and the company gunnery sergeant holds a special place.

The majority avoids the special nature of company grade relationships in the Marine Corps by asserting that defense counsel only objected to the nature of the "reporting relationship" between Captain Stojka and Gunnery Sergeant Walston. United States v. Bagstad, __ M.J. __ (3) (C.A.A.F. 2010). In other words, defense counsel forfeited any objection that extended beyond the drafting of fitness reports, because he did not specifically raise "the Gunny objection." This argument presumes that the military judge, a Marine lieutenant colonel, did not understand the relationship between a company gunnery sergeant and the company commander. Although a civilian judge may not be familiar with this relationship, a military judge does not need an explanation from counsel concerning "the general nature of relationships between company commanders and their gunnery sergeants." Bagstad, __ M.J. at __ (7).

The majority also addresses the issue by arguing that at the time the defense objected the panel consisted of four members only two of which came from the same company. Id. at __ (6). Military judges are not required to be prescient, but they are required to think one step ahead. Here, the initial panel was composed of only five members. Thus, it should not have required omnipotence on the part of the military judge to

anticipate the possibility that two members of the same company headquarters could end up on a three-member panel.[1]

Whatever the public might perceive regarding the appearance of fairness in the military justice system, and I am confident "the public" would find the composition of this three-member panel dubious, I am certain that a junior enlisted Marine would think a panel composed like the one in this case was anything but fair.  Therefore, I respectfully dissent.

---

[1] As in Wiesen, 56 M.J. at 176, the record does not reflect an exigent or military circumstance limiting the pool of available members or requiring selection of these particular members to the panel.