Judge STUCKY
delivered the opinion of the Court.
We granted review to determine whether the military judge abused his discretion in denying Appellant’s challenge for cause against Captain (Capt) Stojka, who sat with his subordinate on a court-martial panel composed of three members. We hold that the military judge did not err in denying the challenge for cause.
I.
Contrary to his pleas, a special court-martial composed of members convicted Appellant of wrongfully using marijuana, in violation of Article 112a, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 912a (2006). The members sentenced Appellant to a bad-conduct discharge and reduction to the lowest enlisted grade. The convening authority approved the bad-conduct discharge but disapproved the reduction in grade, and the United States Navy-Marine Corps Court of Criminal Appeals (CCA) affirmed. United States v. Bagstad, 67 M.J. 599, 602 (N.M.Ct.Crim.App.2008). The CCA had previously set aside Appellant’s conviction and remanded for a rehearing or a dismissal. United States v. Bagstad, No. NMCCA 200602454, 2007 CCA LEXIS 444, at *1, 2007 WL 3307025, at *1 (N.M.Ct. Crim.App. Oct. 31, 2007) (unpublished).
At the second court-martial, the venire was originally composed of five members: Capt Pirttinen, Capt Stojka, First Sergeant Nguyen, Gunnery Sergeant (GySgt) Walston, and GySgt Hightower. Voir dire revealed that Capt Stojka was the senior reporting officer for GySgt Walston. The military judge asked GySgt Walston if he would feel inhibited in any way in voicing an opinion that disagreed with Capt Stojka’s opinion, and GySgt Walston responded that he would not. The military judge then asked Capt Stojka whether he would feel undermined if a subordinate voiced an opinion different from his in deliberations, and Capt Stojka responded that he would not. The defense did not question either Capt Stojka or GySgt Wal-ston about their senior-subordinate relationship.
After questioning but prior to the challenges, the military judge sua sponte expressed his intention to excuse Capt Pirtti-nen based on her knowledge of the results of Appellant’s previous trial. The defense then challenged Capt Stojka for cause, in part on the ground that Capt Stojka wrote GySgt Walston’s fitness report.
The Government responded by arguing that GySgt Walston was an experienced staff noncommissioned officer who would have no trouble being on the same panel as Capt Stojka. The military judge then denied the challenge for cause against Capt Stojka. The military judge’s analysis did not specifi *462 cally address Capt Stojka’s reporting relationship with GySgt Walston.
The defense exercised its peremptory challenge on GySgt Hightower. The military judge then formally excused Capt Pirttinen and GySgt Hightower. The defense did not object to the final composition of the three-member panel.
II.
Appellant argues that the military judge’s denial of the challenge for cause resulted in an unfair trial because the senior member and one of his subordinates comprised the two-thirds majority sufficient to convict.
Rule for Courts-Martial (R.C.M.) 912(f)(l)(N) mandates that a member be excused whenever he should not sit “in the interest of having the court-martial free from substantial doubt as to legality, fairness, and impartiality.” “This rule encompasses challenges based upon both actual and implied bias.” United States v. Elfayoumi, 66 M.J. 354, 356 (C.A.A.F.2008) (citing United States v. Clay, 64 M.J. 274, 276 (C.A.A.F.2007)). “Implied bias exists when, ‘regardless of an individual member’s disclaimer of bias, most people in the same position would be prejudiced ....’” United States v. Briggs, 64 M.J. 285, 286 (C.A.A.F.2007) (quoting United States v. Napolitano, 53 M.J. 162, 167 (C.A.A.F.2000)). The test for determining an R.C.M. 912(f)(l)(N) challenge for implied bias is objective, “ ‘viewed through the eyes of the public, focusing on the appearance of fairness.’ ” Clay, 64 M.J. at 276 (quoting United States v. Rome, 47 M.J. 467, 469 (C.A.A.F. 1998)). The hypothetical “public” is assumed to be familiar with the military justice system. See United States v. Downing, 56 M.J. 419, 423 (C.A.A.F.2002). In carrying out this objective test, this Court determines “whether the risk that the public will perceive that the accused received something less than a court of fair, impartial members is too high.” United States v. Townsend, 65 M.J. 460, 463 (C.A.A.F.2008). Challenges for actual or implied bias are evaluated based on the totality of the factual circumstances. United States v. Bragg, 66 M.J. 325, 327 (C.A.A.F.2008) (citing United States v. Strand, 59 M.J. 455, 459 (C.A.A.F.2004)).
This Court’s standard of review on a challenge for cause premised on implied bias is “less deferential than abuse of discretion, but more deferential than de novo review.” United States v. Moreno, 63 M.J. 129, 134 (C.A.A.F.2006) (citing United States v. Armstrong, 54 M.J. 51, 54 (C.A.A.F.2000); United States v. Napoleon, 46 M.J. 279, 283 (C.A.A.F.1997)). We apply less deference in this case because the military judge did not place his analysis concerning the senior-subordinate relationship portion of the challenge on the record. See United States v. Richardson, 61 M.J. 113, 120 (C.A.A.F.2005) (providing less deference where the military judge’s analysis was not comprehensive).
III.
We find that the military judge did not err in denying the challenge for two reasons. First, there is no per se rule that a military judge must dismiss a member “predicated solely on the fact that a senior member of the court-martial is involved in writing or endorsing the effectiveness reports of junior members.” United States v. Murphy, 26 M.J. 454, 456 (C.M.A.1988); accord United States v. Wiesen, 56 M.J. 172, 175 (C.A.A.F. 2001). And second, there was no other evidence in the record indicating implied bias from the ratings relationship that would cause the knowledgeable member of the public to perceive that the accused’s court-martial panel was not fair and impartial. See Townsend, 65 M.J. at 463.
Before the CCA and this Court, Appellant cited this Court’s decision in Wiesen for the proposition that implied bias is implicated where the senior member and his subordinate constitute the two-thirds majority necessary to convict. 56 M.J. at 175. But at the time of Appellant’s challenge for cause, only half of the panel was involved in any senior-subordinate relationship because Appellant had not yet exercised his peremptory challenge on GySgt Hightower. Appellant also did not object to the final composition of the three-member panel on the basis that it violated Wiesen. As such, we review the *463 military judge’s denial of the challenge from the perspective of when Appellant objected and the military judge pronounced his ruling, not with hindsight and knowledge of the final composition of the panel.
Appellant’s challenge simply asserted that Capt Stojka wrote GySgt Walston’s fitness report. Appellant did not ask any questions or make any argument on the record concerning the relationships between members on the panel, the general nature of relationships between company commanders and their gunnery sergeants, or the actual nature of the relationship between Capt Stojka and GySgt Walston beyond its senior-subordinate component. Under these circumstances, there is a lack of evidence in the record supporting a claim of implied bias.
A challenge for cause is a contextual judgment that is determined through the totality of the factual circumstances. In this case, the military judge’s denial of the challenge for cause was in accord with this Court’s precedent that a member need not be dismissed solely on the basis of a ratings relationship with another member. We are confident that, viewed through the eyes of the public, the military judge’s denial of the challenge for cause against Capt Stojka did not create doubt as to the fairness of Appellant’s court-martial.
IV.
The decision of the United States Navy-Marine Corps Court of Criminal Appeals is affirmed.