# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
YOB, LIND, and KRAUSS
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist JORDAN M. PETERS**
**United States Army, Appellant**

ARMY 20110057

Headquarters, Fort Carson
Mark A. Bridges, Military Judge
Colonel Randy T. Kirkvold, Staff Judge Advocate

For Appellant: Colonel Patricia A. Ham, JA; Major Jacob D. Bashore, JA; Captain Jack D. Einhorn, JA (on brief).

For Appellee: Colonel John P. Carrell, JA; Lieutenant Colonel James L. Varley, JA; Captain T. Campbell Warner, JA (on brief).

28 October 2013

------------------------------------
SUMMARY DISPOSITION
------------------------------------

LIND, Judge:

A military judge sitting as a general court-martial convicted appellant, pursuant to his plea, of one specification of drunken operation of a vehicle in violation of Article 111, Uniform Code of Military Justice, 10 U.S.C. §§ 911 (2006) [hereinafter UCMJ]. Contrary to his pleas, a panel of officer and enlisted members convicted appellant of two specifications of involuntary manslaughter, one specification of aggravated assault with a means likely to produce death or grievous bodily harm, and one specification of reckless endangerment in violation of Articles 119, 128, and 134, UCMJ, 10 U.S.C. §§ 919, 928, and 134. The panel sentenced appellant to a bad-conduct discharge, confinement for ten years, forfeiture of all pay and allowances, and reduction to the grade of E-1. The convening authority approved only so much of the sentence as provided for a bad-conduct discharge, confinement for nine years and six months, forfeiture of all pay and allowances, and reduction to the grade of E-1. The convening authority also credited appellant with four days credit against the sentence to confinement.

This case is before this court for review under Article 66, UCMJ. Appellate defense counsel raised one assignment of error that merits discussion but no relief.

## BACKGROUND

At trial, defense counsel challenged Lieutenant Colonel (LTC) JC on both actual and implied bias grounds. The basis for the challenge was that LTC JC was "too connected" to the case because: his supervisor and rater was the Special Court-Martial Convening Authority (SPCMCA); he supervised and rated the Investigating Officer (IO) who was also his Executive Officer (XO); he had a professional relationship with Captain (CPT) JK, the brigade trial counsel, and had spoken to the trial counsel the previous evening about an unrelated military justice matter; in his capacity as a battalion commander in appellant's brigade, he offered his battalion chaplain to appellant's battalion for grief counseling; and he read the blotter and initial serious incident report about the case. An additional basis for the challenge was that LTC JC hesitated approximately ten seconds when answering the military judge's question: "[H]ave you formed any opinions before coming into this court about who is at fault for that accident?" Defense counsel argued that a member who had not formed an opinion would answer the question immediately, and that the hesitation demonstrated that LTC JC was struggling with the distinction between his role as a battalion commander and his role as a member of the panel.

During individual voir dire, both trial and defense counsel questioned LTC JC. The military judge followed up with additional questions of LTC JC, focusing on what LTC JC knew about the case and whether he had formed any opinions about who was at fault in the case. Following argument of counsel, the military judge employed the correct tests for evaluating whether LTC JC had actual or implied bias and properly applied the liberal grant mandate. The military judge made specific findings on the record and denied the challenge for both actual and implied bias.

## LAW AND DISCUSSION

On appeal, appellant argues the military judge erred in denying the implied bias challenge against LTC JC on the bases of: LTC JC's relationships with the SPCMCA, the IO, and CPT JK; LTC JC's prior knowledge about and involvement in the case; and LTC JC's hesitation in answering the military judge's questions.

Rule for Courts-Martial 912(f)(1)(N) provides that a member should be excused when his or her service would create "substantial doubt as to [the] legality, fairness, and impartiality" of the court-martial. This rule encompasses both actual and implied bias. Military judges are required to liberally grant an accused's challenges for cause. *United States v. Clay*, 64 M.J. 274, 276-77 (C.A.A.F. 2007) (citation omitted).

Actual bias exists when there is any bias that will not yield to the evidence presented and the judge's instructions. *United States v. Wiesen*, 56 M.J. 172, 174

(C.A.A.F. 2001). Implied bias exists when, notwithstanding a member's disclaimer of actual bias, most people in the same position would be biased. *United States v. Briggs*, 64 M.J. 285, 286 (C.A.A.F. 2007). The test for implied bias is objective as viewed through the eyes of the public with a focus on the perception or appearance of fairness in the military justice system. *United States v. Bagstad*, 68 M.J. 460, 462 (C.A.A.F. 2010). The test assumes the "public" is familiar with the military justice system. *Id.* When there is no finding of actual bias, "implied bias should be invoked rarely." *Clay*, 64 M.J. at 277 (quoting *United States v. Leonard*, 63 M.J. 398, 402 (C.A.A.F. 2006)).

We review a challenge for cause based on implied bias under a standard less deferential than abuse of discretion, but more deferential than de novo review. *Bagstad*, 68 M.J. at 462. A military judge's determinations on issues of actual or implied member bias are based on the totality of the circumstances of each case. *United States v. Terry*, 64 M.J. 295, 302 (C.A.A.F. 2007). "[I]n the absence of actual bias, where a military judge considers a challenge based on implied bias, recognizes his duty to liberally grant defense challenges, and places his reasoning on the record, instances in which the military judge's exercise of discretion will be reversed will indeed be rare." *Clay*, 64 M.J. at 277.

With regard to LTC JC's relationships with the brigade trial counsel, the SPCMCA, and the investigating officer, a professional relationship between a member and a trial counsel or other person professionally involved in the referral process is not per se disqualifying to a member's service. *See United States v. Richardson*, 61 M.J. 113, 120 (C.A.A.F. 2005) (recognizing that "in a close-knit system like the military justice system, such situations will arise and may at times be unavoidable"); *see also Wiesen*, 56 M.J. at 175 ("It is well settled that a senior-subordinate/rating relationship does not *per se* require disqualification of a panel member"). Similarly, the fact that a member possesses some knowledge of the facts of the case is also not per se disqualifying. *See United States v. Rockwood*, 48 M.J. 501, 511 (Army Ct. Crim. App. 1998), *aff'd,* 52 M.J. 98 (C.A.A.F. 1999).

We find that the military judge did not err when he denied appellant's challenge of LTC JC for implied bias. After an extensive individual voir dire of LTC JC by trial counsel, defense counsel, and the military judge, the military judge made detailed findings of fact, to include: (1) LTC JC stated that he disagrees with the SPCMCA "on occasion and is able to do so when necessary," that LTC JC had not discussed the case with the SPCMCA, and that the fact that the SPCMCA referred the case to trial does not mean he made a decision one way or the other about the accused's guilt; (2) LTC JC maintained a professional relationship with the brigade trial counsel and LTC JC "certainly indicated that that would have no bearing in his decision in this case and I find there is no reason to doubt him on that matter;" (3) with regard to LTC JC's relationship with the IO, the military judge found that although the IO was LTC JC's XO, LTC JC never discussed the facts of the case with

the IO, nor was LTC JC aware of the recommendations made by the IO; and (4) the information LTC JC knew about the case was "what general commanders in his position would have in that there had been an accident involving drunk driving and that two soldiers has been killed. He had not formed any opinions about the guilt or innocence of the accused in this case." The military judge also found that LTC JC's hesitation demonstrated he actually thought about the answer prior to giving it, and the hesitation demonstrates the credibility of his answer: "I can't say enough about how I believe that [LTC JC's] demeanor, his thoughtful answers to the questions that were asked, indicate to me that he is truthful and that he can be an impartial member in this case."

The military judge properly applied the test for implied bias and considered the liberal grant mandate, stating: "[I]mplied bias exists if an objective observer would have a substantial doubt about the fairness of this court-martial proceeding. . . And I am considering the liberal grant mandate that the appellate courts have asked me to consider in deciding whether or not to grant these challenges." The military judge also provided appellant with a full opportunity to individually voir dire LTC JC and made detailed findings of fact before he ultimately held that "an objective observer who heard [LTC JC] and saw [LTC JC] responding to the questions of counsel would not have any reason to doubt his impartiality."

The trial judge permitted broad voir dire of LTC JC. There is a fully developed record of LTC JC's knowledge of and involvement in the case; his professional relationships with the SPCMCA, CPT JK, and the IO; his hesitation in answering the military judge's questions regarding whether he had formed an opinion about who was at fault in the case; and whether he could impartially serve as a panel member. The military judge made extensive findings of fact, applied the liberal grant mandate, and employed the proper test for determining whether LTC JC should be challenged for cause based on implied bias. We apply the deference afforded to the military judge and find no basis to disturb the military judge's denial of the challenge for cause against LTC JC for implied bias.

## CONCLUSION

On consideration of the entire record, the assigned error, the allegations raised by appellant pursuant to *United States v. Grostefon,* 12 M.J. 431 (C.M.A. 1982), and the briefs submitted by the parties, we conclude the findings of guilty and the sentence as approved by the convening authority are correct in law and fact. Accordingly, the findings of guilty and the sentence are AFFIRMED.

Senior Judge YOB and Judge KRAUSS concur.

4



FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court