Judge BAKER
delivered the opinion of the Court.
Consistent with his pleas, appellant was convicted of wrongful use of LSD on divers occasions, in violation of Article 112a, Uniform Code of Military Justice (UCMJ), 10 USC § 912a. A general court-martial composed of officer members sentenced him to a bad-conduct discharge. The convening authority approved the sentence as adjudged, and the court below affirmed. United States v. Downing, 2001 WL 506413, No. 33953 (A.F.Ct.Crim.App. April 9, 2001).
This Court granted review of the following issue:
WHETHER THE MILITARY JUDGE ABUSED HIS DISCRETION BY DENYING TRIAL DEFENSE COUNSEL’S CHALLENGE FOR CAUSE AGAINST SECOND LIEUTENANT SCOTT, A FRIEND OF ONE OF THE PROSECUTORS IN APPELLANT’S CASE.
For the reasons set forth, we conclude that the record does not reflect whether the military judge applied the correct legal standard in evaluating a challenge for cause based on implied bias. Nevertheless, since appellant did not carry his burden at trial or on appeal of establishing facts that would warrant application of the doctrine of implied bias, we affirm.

Background

During general voir dire, the military judge advised the members that “if you know of any matter which might affect your impartiality to sit as a court member, then you must disclose that matter when asked to do so.” The military judge also asked the members whether “anyone had any dealings with the parties to this trial which might affect your performance as a court member in any way?” He received a negative response.
Following general voir dire of the members, the two trial counsel, Captains (Capt) McNeil and Marposon, and defense counsel, Capt Kennedy, requested an opportunity to conduct individual voir dire of Second Lieutenant (2Lt) Scott. Questioning by trial counsel revealed that 2Lt Scott was section commander for the 95th Civil Engineering Group. In this capacity, she assisted her group commander, and others, on matters of military justice and discipline involving the Civil Engineering Group’s approximately 250 military members. Therefore, she was “pretty familiar with the attorneys in the legal office.”
Trial counsel’s voir dire of 2Lt Scott included the following:
TC: And you — this is kind of a small base, you’ve also had a chance to socialize with some folks in the legal office?
MBR: Yes, sir.
TC: Okay. The same group of people?
MBR: Yes, sir.
TC: Have you ever questioned for yourself whether that socializing with these other attorneys in the office has made it difficult for you to act impartially for the Civil Engineering Group?
MBR: No, it’s never affected my decisions.
Defense counsel’s individual voir dire included the following exchange:
DC: Lieutenant Scott, outside duty hours, 7:30 to 4:30, have you had occasion to speak with Captain Marposon [the trial counsel] on a social basis?
MBR: Yes, ma’am.
DC: All alone?
MBR: Yes, ma’am.
DC: Okay. Could you character [sic] your relationship with him? At any time you’ve known him. I mean, friendship?
MBR: With him — yes, friendship. I’ve known him since about April, I think. We’re friends.
Defense counsel’s questioning also indicated that Capt Marposon had recently bought *421 a car from 2Lt Scott, and that 2Lt Scott had twice visited a beach house in the Los Angeles area shared by Capt Marposon and “other folks.” 2Lt Scott indicated that these visits were “[n]ot with him, but I’ve been to his beach house.” Finally, 2Lt Scott indicated that she had spoken with Capt Marposon during the past two weeks “Q]ust at work, probably ten times____ I think only during duty hours, maybe a little less than that.”
In response to this voir dire, the military judge asked 2Lt Scott, inter alia, whether there was anything about her friendship with Capt Marposon, or anyone in the legal office for that matter, that would cause her to give more weight to the Government’s side of the case than she would to the defense side. She answered, “No, sir.”
Defense counsel challenged 2Lt Scott for cause, “based on RCM 912(f)(l)(N), actual or implied bias.” At the request of the military judge, defense counsel elaborated as follows, making it clear that her challenge was founded in implied bias:
Sir, based on her answers to the questions I just asked her about her dealings with Captain Marposon, about her friendship with him. I know she said that she could, you know, adjudge a fair sentence and maintain that fair attitude, but based on implied bias, looking through the eyes of society, it would seem unfair to allow her to stay on the court; it would create an appearance of impropriety.
The military judge immediately responded with the following ruling:
I will state for the record that I viewed very closely the answers by Lieutenant Scott and her demeanor during the course of the questioning and, quite frankly, I noticed an incredulous look when I asked her if she thought that would in any way affect her impartiality. I kind of got this “You gotta be kidding me” look. There is clearly no actual bias in this case, and folks are friends with folks all over the base, and Lieutenant Scott said she could clearly set that information aside and I think quite clearly that she can. The challenge for Lieutenant Scott is denied.
Defense counsel subsequently used her peremptory challenge against 2Lt Scott and preserved the issue for appeal by noting that she would have used her peremptory challenge against another member, if her challenge for cause against 2Lt Scott had been granted. Defense counsel did not indicate against which other member the peremptory challenge would have been made.
Before this Court, appellate government counsel argue that 2Lt Scott was a social acquaintance of Capt Marposon and not a close personal friend. As a result, they argue, the military judge properly found friendships like that described by 2Lt Scott were too common to serve as a basis for implied bias. Therefore, the Government asserts, this indicates the military judge applied the “eyes of the public” standard, an objective standard, and found no implied bias. The Government concludes that this is not a situation where a reasonable, disinterested observer would doubt the fairness and integrity of the court-martial.
Appellant argues that trial counsel and 2Lt Scott had a close personal relationship that included social, financial, and professional dealings, and that the military judge applied an incorrect legal standard to a challenge based on implied bias by finding only that “folks are friends with folks all over the base.”
The court below, 2001 WL 506413, found that the first part of the judge’s finding “reflected his application of the ‘eyes of the public’ standard for implied bias[.]” According to that court, “the judge was, in essence, holding that friendships are too common among military personnel on an installation to constitute grounds for per se bias.” Unpub. op. at 4.

Discussion

“As a matter of due process, an accused has a constitutional right, as well as a regulatory right, to a fair and impartial panel.” United States v. Wiesen, 56 MJ 172, 174 (2001). RCM 912(f)(l)(N), Manual for Courts-Martial, United States (2000 ed.), provides that “[a] member shall be excused for cause whenever it appears that the mem *422 ber ... [sjhould not sit as a member in the interest of having the court-martial free from substantial doubt as to legality, fairness, and impartiality.” * In furtherance of this rule, this Court has determined that a member shall be excused in eases of implied bias, as well as in cases of actual bias. United States v. Napoleon, 46 MJ 279, 282-83 (1997); United States v. Minyard, 46 MJ 229, 231 (1997); United States v. Daulton, 45 MJ 212, 217 (1996); United States v. Harris, 13 MJ 288, 292 (CMA 1982).
In light of the manner in which members are selected to serve on courts-martial, including the single peremptory challenge afforded counsel under the UCMJ, this Court has determined that military judges must liberally grant challenges for cause. Daulton, supra (“[Military judges must follow the liberal-grant mandate in ruling on challenges for cause____”) (quoting United States v. White, 36 MJ 284, 287 (CMA 1993)). However, the burden of persuasion remains with the party making the challenge. RCM 912(f)(3), Manual, supra.
A military judge’s ruling on a challenge for cause is reviewed for an abuse of discretion. United States v. Armstrong, 54 MJ 51, 53 (2000). Military judges are afforded a high degree of deference on rulings involving actual bias. This reflects, among other things, the importance of demeanor in evaluating the credibility of a member’s answers during voir dire. By contrast, issues of implied bias are reviewed under a standard less deferential than abuse of discretion but more deferential than de novo. Id. at 54 (citing Napoleon, supra at 283). Observation of the member’s demeanor may inform judgments about implied bias; however, “implied bias is reviewed under an objective standard, viewed through the eyes of the public.” Napoleon, 46 MJ at 283, citing Daulton, supra. As this Court has often stated, at its core, implied bias addresses the perception or appearance of fairness of the military justice system. Wiesen, 56 MJ at 174.
In this case, the military judge’s otherwise thorough voir dire does not reflect that he applied the correct legal standard to appellant’s challenge for implied bias. The Government argues, and the court below found, that the military judge’s statement that “folks are friends with folks,” “in essence” addresses the concerns inherent in the challenge to 2Lt Scott. However, the military judge’s analysis falls qualitatively short, if indeed it was intended to address implied bias at all.
First, it frames but does not squarely address the essential question — was the military judge satisfied that an objective public observer would find this level of friendship between the prosecutor and a member of the court-martial panel consonant with a fair and impartial system of military justice? The judge’s ruling seems to focus entirely on 2Lt Scott’s statement that she could and would act impartially. Second, there is no indication that the military judge considered the effect, if any, that the liberal-grant mandate should have on his ruling. The military judge may well have intellectually applied the right test. However, the law is clear in this area, and we decline to conclude as the court below did that the military judge actually applied the correct test for implied bias. We do not expect record dissertations but, rather, a clear signal that the military judge applied the right law. While not required, where the military judge places on the record his analysis and application of the law to the facts, deference is surely warranted.
Nonetheless, appellant has not met his burden of establishing that grounds for challenge against 2Lt Scott based on implied bias existed. In reaching this conclusion, we need not accept either party’s invitation to characterize 2Lt Scott’s friendship with Capt Marposon as “close” or merely one of “social acquaintance.” Such an exercise too easily lends itself to semantic debate, without substantive precision. What we do know is that 2Lt Scott and Capt Marposon were company grade friends based on professional assignment to the same installation. We know that they knew each other for six months. We know that they had cause to speak by telephone approximately *423 ten times in the two weeks preceding trial, and that this contact occurred during duty hours. We know that 2nd Lt Scott’s duties necessarily required such contact during duty hours. We know that this friendship extended beyond professional hours to social settings. 2Lt Scott indicated she went to a beach house that Capt Marposon shared with other officers, but not necessarily to see Capt Marposon. And, we know that Capt Marposon at some point bought a car from 2Lt Scott. In addition, the military judge observed a look of incredulity when it was suggested to 2Lt Scott that her friendship with Capt Marposon might affect her impartiality. (A measure of actual bias, for sure; but also relevant to an objective observer’s consideration.) Applying the liberal-grant mandate, the military judge could have granted appellant’s challenge for cause, but he was not required to do so on these facts.
The record does not reflect a romantic relationship. Nor does it reflect a dispute over the vehicle sale or whether there existed an ongoing financial relationship. The record does not specify the nature of the telephone calls during the two weeks preceding trial, but we do know they occurred during duty hours between officers who previously had official business to conduct. In short, appellant has had the opportunity to make his case, but has not met his burden in doing so.
On this record, we hold an objective observer, aware of Article 25, UCMJ, 10 USC § 825, and the military justice system, would distinguish between officers who are professional colleagues and friends based on professional contact and those individuals whose bond of friendship might improperly find its way into the members’ deliberation room.
The decision of the United States Air Force Court of Criminal Appeals is affirmed.

This Manual provision is identical to the one in effect at the time of appellant’s court-martial.