UNITED STATES ARMY COURT OF CRIMINAL APPEALS

 Before
 ZOLPER, COOK and BAIME
 Appellate Military Judges

 UNITED STATES, Appellee
 v.
 Specialist RYAN M. SMITH
 United States Army, Appellant

 ARMY 20060177

For Appellant: Captain Michael E. Korte, JA (argued); Colonel Christopher
J. O’Brien, JA; Lieutenant Colonel Steven C. Henricks, JA; Major Sean F.
Mangan, JA; Lieutenant Colonel Jonathan F. Potter, JA (on brief).

For Appellee: Captain Sarah J. Rykowski, JA (argued); Lieutenant Colonel
Francis C. Kiley, JA; Major Michael C. Friess, JA; Captain Sarah J.
Rykowski, JA (on brief).

 31 October 2008

 ---------------------------------
 SUMMARY DISPOSITION
 ---------------------------------

Per Curiam:

 This case is before the court for review pursuant to Article 66,
Uniform Code of Military Justice. Appellant asserts the military judge
erred in denying the defense challenges for cause against Major (MAJ)
Hastings and Captain (CPT) Brashears based on their implied bias. We
disagree. The military judge’s rulings in this case were reviewed for an
abuse of discretion; however, since the “military judge’s otherwise
thorough voir dire does not reflect that he applied the correct legal
standard [liberal-grant mandate] to appellant’s challenge[s] for implied
bias” we review those determinations with less deference. United States v.
Downing, 56 M.J. 419, 422 (C.A.A.F. 2002); See United States v. Clay, 64
M.J. 274, 277 (C.A.A.F. 2007). However, as our superior court has
consistently held, and we note now, “in the absence of actual bias, implied
bias should be invoked rarely.” Clay, 64 M.J. at 277 (internal citations
omitted).

 First, after reviewing the challenge made against MAJ Hastings, this
court found she was properly rehabilitated regarding any potential
predisposition that she might have had toward the honesty of military
police (MP) soldiers. Appellant’s case presents facts substantially
similar to those analyzed by our superior court in United States v.
Townsend, 65 M.J. 460, 465 (C.A.A.F. 2008). Similar to the conclusion in
Townsend, we find that MAJ Hastings’ position on the honesty of MPs was
“not so inflexible that it would not yield to the military judge’s
instructions on credibility.” Id. Furthermore, as in United States v.
Napoleon, 46 M.J. 279, 282 (C.A.A.F. 1997), the credibility of the law
enforcement witness was not at issue in this case as his testimony was
solely for foundational purposes. Therefore, we feel confident in holding
that the military judge did not abuse his discretion when he denied
defense’s challenge of MAJ Hastings for implied bias.

 Second, concerning the potential bias of CPT Brashears, this we find
her rehabilitation sufficient to clarify any confusion she might have had
concerning the proper use of mitigation and extenuation evidence. These
rehabilitation efforts were not so extensive or numerous as to “have
created substantial doubts about the fairness of this proceeding.”
Townsend, 65 M.J. at 466. Therefore, we find again that, under these
circumstances, the military judge did not abuse his discretion on the
question of implied bias. After careful review, we feel confident that the
participation of MAJ Hastings and CPT Brashears in appellant’s court-
martial “would not cast doubt in the eyes of the public upon the fairness
of this proceeding.” Id.

 On consideration of the entire record, we hold the findings of guilty
and the sentence as approved by the convening authority correct in law and
fact. Accordingly, those findings of guilty and the sentence are AFFIRMED.

 FOR THE COURT:

 MALCOLM H. SQUIRES, JR.
 Clerk of Court

CF: JALS-DA JALS-CR3
 JALS-GA JALS-CCZ
 JALS-CCR