# UNITED STATES NAVY-MARINE CORPS
# COURT OF CRIMINAL APPEALS
# WASHINGTON, D.C.

**Before**
**J.A. FISCHER, K.M. MCDONALD, D.C. KING**
Appellate Military Judges

### UNITED STATES OF AMERICA

v.

### ANTONIO M. CASTELLANO
### LANCE CORPORAL (E-3), U.S. MARINE CORPS

### NMCCA 201100248
### GENERAL COURT-MARTIAL

**Sentence Adjudged**: 21 November 2013.
**Military Judge**: LtCol David A. Jones, USMC.
**Convening Authority**: Commanding General, 1st Marine Aircraft Wing, Okinawa, Japan.
**Staff Judge Advocate's Recommendation**: Col J.R. Woodworth, USMC (30 Mar 2011 and 21 Apr 2011 Addendum); LtCol J.M. Heckel, USMC (24 Apr 2014 and 2 Jun 2014 Addenda).
**For Appellant**: LT Gabriel Bradley, JAGC, USN; Capt Brian Magee, USMC.
**For Appellee**: LCDR Keith B. Lofland, JAGC, USN; Maj Tracey Holtshirley, USMC; LT James Belforti, JAGC, USN.

**11 December 2014**

---------------------------------------------------------
## OPINION OF THE COURT
---------------------------------------------------------

**THIS OPINION DOES NOT SERVE AS BINDING PRECEDENT, BUT MAY BE CITED AS PERSUASIVE AUTHORITY UNDER NMCCA RULE OF PRACTICE AND PROCEDURE 18.2.**

PER CURIAM:

This case is before us a second time. A military judge sitting as a general court-martial convicted the appellant, pursuant to his plea, of one specification of adultery in

violation of Article 134, Uniform Code of Military Justice, 10
U.S.C. § 934.  A panel of members with enlisted representation
sitting as a general court-martial convicted the appellant,
contrary to his pleas, of one specification of attempted
adultery, two specifications of indecent conduct, one
specification of consensual sodomy, and two specifications of
assault consummated by a battery, in violation of Articles 80,
120, 125, and 128, UCMJ, 10 U.S.C. §§ 880, 920, 925, and 928.

The members sentenced the appellant to confinement for
eighteen months, reduction to pay grade E-1, forfeiture of all
pay and allowances, and a bad-conduct discharge.  The convening
authority (CA) approved the sentence as adjudged.

On the first appeal, this court set aside the two
specifications of assault consummated by a battery for
instructional error, affirmed the remaining findings, and
affirmed the sentence as approved by the CA.  *United States v.
Castellano*, No. 201100248, 2012 CCA LEXIS 571, unpublished op.
(N.M.Ct.Crim.App. 26 Jun 2012) (*per curiam*).  The Court of
Appeals for the Armed Forces then set aside the appellant's
consensual sodomy conviction, affirmed the remaining findings,
set aside the sentence, and authorized a rehearing on the
consensual sodomy offense and the sentence.  *United States v.
Castellano*, 72 M.J. 217, 223 (C.A.A.F. 2013).  The CA directed a
rehearing on sentence only.

On rehearing, the members sentenced the appellant to
confinement for 308 days,[1] forfeiture of all pay and allowances,
reduction to pay grade E-1, a reprimand, and a bad-conduct
discharge.  The CA approved this sentence as adjudged and
ordered it executed.[2]

The appellant now raises four assignments of error (AOE)
related to the sentence rehearing: (1) his sentence, which now
includes a reprimand, is more severe than the sentence approved

---

[1] The appellant had already served 308 days of confinement and had been
released on parole at the time of his sentence rehearing.

[2] To the extent the CA's action purports to execute the bad-conduct discharge,
it is a legal nullity.  *United States v. Tarniewicz*, 70 M.J. 543, 544
(N.M.Ct.Crim.App. 2011).  We also note that the CA's action does not include
a copy of the letter of reprimand as required by section 0152 of the Manual
of the Judge Advocate General, Judge Advocate General Instruction 5800.7F (26
Jun 2012).  We have been informed the CA has not and does not intend to issue
a letter in this case.

at his original court-martial;[3] (2) he was prejudiced by the systematic exclusion of potential court-martial members on the basis of rank; (3) the military judge erred by failing to grant defense challenges for cause against two members; and (4) the military judge abused his discretion by admitting evidence in aggravation of stale prior non-judicial punishments (NJP).[4]

After careful consideration of the record of trial and the parties' pleadings, we conclude that the affirmed findings and the approved sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant and not corrected during the prior appellate review of this case was committed. Arts. 59(a) and 66(c), UCMJ.

## Background

In September of 2009, the appellant engaged in sexual intercourse with Lance Corporal B, while he was married to another woman, resulting in the appellant's plea of guilty to adultery. The appellant also stands convicted of attempted adultery with a second Marine, Private First Class H, and two specifications of indecent conduct for exceeding the scope of her consent to certain sexual acts in September 2010. Additional facts necessary for the resolution of each AOE are developed below.

## Member Selection Process

The appellant argues that the military judge erred by denying the trial defense counsel's request to dismiss the panel because members were systematically excluded on the basis of rank. The CA in this case, Commanding General of 1st Marine Aircraft Wing (MAW), was located in Okinawa, Japan but the sentence rehearing was held at Marine Corps Recruit Depot (MCRD) Parris Island. The 1st MAW Staff Judge Advocate (SJA), Lieutenant Colonel (LtCol) H, asked the SJA from MCRD, Parris Island, Major (Maj) N, for assistance in securing members. LtCol H did not specify how members were to be selected. Maj N sent an email to tenant commands requesting availability of majors, lieutenant colonels, and enlisted personnel in the grade of staff sergeant and above. The CA was presented with 23 questionnaires from Parris Island units, representing Marines in

---

[3] This AOE is rendered moot by our action in the decretal paragraph.

[4] AOEs III and IV are raised pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).

3

ranks 0-3 through O-5 and E-6 through E-9, from which the CA selected six officers and six enlisted to comprise General Court-Martial Convening Order (GCMCO) 2-13A.

After discovering that certain ranks had not been solicited, LtCol H requested additional questionnaires from Marines in the excluded ranks. The CA was given a package containing the original 23 members and 20 additional members' questionnaires. The additional questionnaires included nine E-4's, ten E-5's, and one warrant officer.[5] The CA then approved GCMCO 2-13B, increasing the number of primary panel members from 12 to 14 by removing a master sergeant and a staff sergeant and adding a chief warrant officer, two sergeants, and a corporal.

Prior to the sentence rehearing, the appellant challenged the court-martial member selection process because certain ranks were systematically excluded. The military judge denied the defense motion on the basis that the CA had adequately remedied the problem by reviewing the additional members' questionnaires before finalizing GCMCO 2-13B.

Whether a panel is properly selected is a matter of law that this court reviews *de novo*. *United States v. Gooch*, 69 M.J. 353, 358 (C.A.A.F. 2011) (citing *United States v. Dowty*, 60 M.J. 163, 171 (C.A.A.F. 2004)). We are bound by the findings of the military judge unless they are clearly erroneous. *United States v. Benedict*, 55 M.J. 451, 454 (C.A.A.F. 2001).

The CA must personally select members who are "best qualified for the duty by reason of age, education, training, experience, length of service, and judicial temperament." Art. 25(d)(2), UCMJ. The CA may rely on subordinates to nominate potential court members. *Id.* at 455. However, "[w]hen the request for nominations does improperly include or exclude certain members," the court must "ensure that those actions do not taint the selection by the convening authority." *United States v. Roland*, 50 M.J. 66, 69 (C.A.A.F. 1999).

The burden is on the defense to show a systematic exclusion of qualified personnel from the selection process. *United States v. Kirkland*, 53 M.J. 22, 24 (C.A.A.F. 2000) (citing *Roland*, 50 M.J. at 69). Once the defense meets their burden of production, "the Government must show by competent evidence that no impropriety occurred when selecting appellant's court-martial members." *Id.* (citation omitted). Under the circumstances of

---

[5] The military judge found there were no questionnaires from lieutenants because none were available for the court-martial. Appellate Exhibit XCVI at 2.

4

this case, we conclude that the appellant has not met his burden.

Once the CA recognized that members had been improperly excluded by rank, he reconsidered the panel and added members of ranks that had originally been excluded. The record is utterly devoid of any indication that the CA intended to exclude any rank or that the CA or his subordinates made any attempt to "stack" the court with higher-ranking Marines. *Cf. United States v. Hilow*, 32 M.J. 439, 442 (C.M.A. 1991) (finding members panel tainted when CA's subordinates attempted to stack the panel even though the CA was unaware of the "stacking" attempt).

Under the specific circumstances of this case, we agree with the military judge that the CA "acted appropriately to cure a defect in the process" and "his remedial actions removed any possible taint from the proceedings." Appellate Exhibit XCVI at 6; *see also* RULE FOR COURTS-MARTIAL 505(c)(1)(A), MANUAL FOR COURTS-MARTIAL, UNITED STATES (2012 ed.) ("[b]efore the court-martial is assembled, the convening authority may change the members of the court-martial without showing cause"); *Dowty*, 60 M.J. at 175 (finding error of screening the panel pool using the impermissible variable of volunteer was cured when the CA personally selected the panel and applied the criteria of Article 25(d)). Here, the CA personally selected all of the members based on the proper statutory criteria, and the court was ultimately properly convened.

Moreover, there is nothing in the record to suggest that the members who sat on the appellant's court-martial were anything but fair and impartial. To the contrary, the members were the product of a rigorous *voir dire* process wherein the military judge granted three of six defense challenges for cause and removed another member upon both defense and government objection.[6] On these facts, we are confident that there was no material prejudice to the appellant's substantial rights and that the appellant "received the statutorily qualified, fair, and impartial panel to which he was entitled." *United States v. Dowty*, 57 M.J. 707, 715 (N.M.Ct.Crim.App. 2002), *aff'd*, 60 M.J. 163 (C.A.A.F. 2004).

---

[6] Of the three challenges for cause that were not granted, one member was struck after a peremptory challenge.

**Challenges for Cause**

The appellant alleges the military judge abused his discretion when he denied the defense's challenge for cause of Chief Warrant Officer-2 (CWO2) B and Sergeant (Sgt) L, who expressed during *voir dire* that they held negative feelings about adultery that were rooted in their religious beliefs.

A member must be excused for cause whenever it appears that the member should not sit as a member in the interest of having the court-martial "free from substantial doubt as to legality, fairness, and impartiality." R.C.M. 912(f)(1)(N).

A military judge's decision on a challenge for cause is reviewed for a "'clear abuse of discretion.'" *United States v. Quintanilla*, 63 M.J. 29, 35 (C.A.A.F. 2006) (quoting *United States v. James*, 61 M.J. 132, 138 (C.A.A.F. 2005)). As we conduct our review, we recognize that "'military judges must liberally grant challenges for cause.'" *James*, 61 M.J. at 139 (quoting *United States v. Downing*, 56 M.J. 419, 422 (C.A.A.F. 2002)) (additional citation omitted).

We review issues of implied bias for an abuse of discretion, but the objective nature of the inquiry affords less deference to the military judge. *United States v. Townsend*, 65 M.J. 460, 463 (C.A.A.F. 2008) (citing *United States v. Armstrong*, 54 M.J. 51, 54 (C.A.A.F. 2000) and *United States v. Napoleon*, 46 M.J. 279, 283 (C.A.A.F. 1997)). However, "[a] military judge who addresses implied bias by applying the liberal grant mandate on the record will receive more deference on review than one that does not." *United States v. Clay*, 64 M.J. 274, 277 (C.A.A.F. 2007).

Notwithstanding a member's disclaimer of bias, there is implied bias "when most people in the same position would be prejudiced." *Unites States v. Schlamer*, 52 M.J. 80, 93 (C.A.A.F. 1999) (citation and internal quotation marks omitted). We view implied bias objectively "'through the eyes of the public, focusing on the appearance of fairness.'" *Clay*, 64 M.J. at 276 (quoting *United States v. Rome*, 47 M.J. 467, 469 (C.A.A.F. 1998)).

We hold that the military judge did not abuse his discretion in denying the challenges of CWO2 B and Sgt L. During *voir dire*, CWO2 B and Sgt L both expressed they had religious beliefs against adultery. Recognizing that adultery is a crime under the UCMJ like any other, the military judge

6

found that "just because somebody has a strong feeling contrary to adultery does not disqualify them from being a member." Record at 1615. A moral or religious distaste for a crime does not *per se* require disqualification of a panel member. *Schlamer*, 52 M.J. at 92 (citing *United States v. Bannwarth*, 36 M.J. 265, 268 (C.M.A. 1993)); *cf. Clay*, 64 M.J. at 278 (finding a member unfit when he said he would be "merciless" to someone he found guilty of raping a "young female," and was equivocal when responding to questions about whether he could have an elastic view toward sentencing).

In this case, we do not believe the appearance of the proceedings was rendered unfair by CWO2 B or Sgt L's presence on the panel. CWO2 B stated that his beliefs did not impact his ability to sit as a member of the court-martial, he would consider the full range of punishments, and he would follow the military judge's instructions when determining an appropriate sentence. Record at 1542-43, 1545. Sgt L noted, while his personal religious belief was that adultery was a sin, it was the same as any other sin. *Id*. at 1592. He also stated he would consider the entire range of punishment, including no punishment, and that he was capable of assessing a fair and just sentence and keeping an open mind as to what the sentence should be. *Id*. at 1592, 1596, 1600-01.

Applying the liberal grant mandate, the military judge granted three of six defense challenges for cause and removed another member upon both defense and Government objection. The military judge's statements on the record clearly demonstrate that he made a credibility determination as to the two members and found them to be able and willing to sentence the appellant fairly and in accordance with his instructions. We find no abuse of the military judge's discretion.

### Sentencing Evidence in Aggravation

In his final AOE, the appellant avers that the military judge erred by admitting over defense objection, NJP records that were stale at the time of resentencing.

"A military judge's decision to admit or exclude evidence is reviewed under an abuse of discretion standard." *United States v. McDonald*, 59 M.J. 426, 430 (C.A.A.F. 2004) (citing *United States v. Tanksley*, 54 M.J. 169, 175 (C.A.A.F. 2000)). We will not overturn a military judge's evidentiary decision unless that decision was arbitrary, fanciful, clearly unreasonable, or clearly erroneous. *United States v. Miller*, 46

M.J. 63, 65 (C.A.A.F. 1997) (citing *United States v. Travers*, 25 M.J. 61, 62 (C.M.A. 1987)).  Sentencing evidence is also subject to the MILITARY RULE OF EVIDENCE 403, MANUAL FOR COURTS-MARTIAL, UNITED STATES (2012 ed.) balancing test.  *United States v. Manns*, 54 M.J. 164, 166 (C.A.A.F. 2000) (citing *United States v. Rust*, 41 M.J. 472, 478 (C.A.A.F. 1995)).  If the military judge conducts a proper balancing test under MIL. R. EVID. 403, the "ruling will not be overturned unless there is a 'clear abuse of discretion.'"  *Id.* (quoting *United States v. Ruppel*, 49 M.J. 247, 250 (C.A.A.F. 1998)).

Here, the appellant committed the offenses for which he was being sentenced in 2009 and 2010.  The two NJPs concern unrelated misconduct that occurred in 2009.  Prosecution Exhibit 20.  At the sentence rehearing, the defense argued that the accused was not in his current enlistment, so his NJPs were barred under Manual of the Judge Advocate General, Judge Advocate General Instruction 5800.7F, § 0141 (26 Jun 2012) (allowing NJPs as evidence in court-martials if they "reflect offenses committed during the current enlistment or period of service of the accused").  Record at 1684.

The military judge found that the appellant was still in his current enlistment due to the extension of his enlistment for trial and the appellate process.  *Id.* at 1688.  He also noted that the NJPs took place within two years of the date of the offenses on the charge sheet.  Additionally, the evidence was properly admitted as evidence in aggravation at the appellant's first court-martial.  *Id.* at 1685.  Finally, the military judge conducted a MIL. R. EVID. 403 analysis, finding that the NJPs' "probative value is high for the government, they want to be able to show that this accused did not have a clean record when he committed these offenses" and that such value was not substantially outweighed by the danger of unfair prejudice to the accused.  *Id.* at 1689.  He noted that the members were entitled to see what type of Marine the appellant was at the time of the offenses.  *Id.*  Under these circumstances, the military judge did not abuse his discretion when he admitted the appellant's NJP records into evidence under R.C.M. 1001(b).

**Conclusion**

The convening authority having declined to order a rehearing as to the consensual sodomy offense, Charge III and its specification are dismissed.  The remaining findings of guilty having previously been affirmed, only so much of the sentence as includes 308 days confinement, forfeiture of all pay

and allowances, reduction to pay grade E-1, and a bad-conduct discharge is affirmed.

For the Court



R.H. TROIDL
Clerk of Court