# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

## UNITED STATES

**v.**

## Airman JEREMY J. GRAWEY
### United States Air Force

## ACM S32029 (remand)

## 08 July 2015

Sentence adjudged 2 December 2011 by SPCM convened at Kirtland Air Force Base, New Mexico. Military Judge: Scott E. Harding.

Approved sentence: Bad-conduct discharge, confinement for 5 months, forfeiture of $978.00 pay per month for 6 months, and reduction to E-1.

Appellate Counsel for the Appellant: Major Anthony D. Ortiz and Major Christopher D. James.

Appellate Counsel for the United States: Colonel Don M. Christensen; Lieutenant Colonel Jennifer A. Porter; Major Roberto Ramírez; and Gerald R. Bruce, Esquire.

Before

ALLRED, MITCHELL, TELLER
Appellate Military Judges

UPON REMAND

This opinion is issued as an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.

PER CURIAM:

Before a special court-martial, the appellant entered pleas of guilty to one specification of cocaine use and not guilty to one specification of D-Amphetamine use, both in violation of Article 112a, UCMJ, 10 U.S.C. § 912a. The military judge found him guilty in accordance with his guilty plea, and a panel of officer and enlisted members convicted him of the litigated specification. The court sentenced him to a bad-conduct discharge, confinement for 6 months, forfeiture of $978.00 per month for

6 months, and reduction to E-1. The convening authority reduced the confinement to 5 months, but otherwise approved the sentence as adjudged.

*Procedural History*

On 25 January 2013, The Judge Advocate General of the Air Force appointed a retired Air Force officer and former appellate military judge, who was serving as a civilian litigation attorney in the Department of the Air Force to the position of appellate military judge on the Air Force Court of Criminal Appeals pursuant to Article 66(a), UCMJ, 10 U.S.C. § 866(a). On 25 June 2013, the then-Secretary of Defense, "[p]ursuant to [his] authority under title 5, United States Code, section 3101 *et seq*.," issued a memorandum that appointed the same civilian employee of the Department of the Air Force to serve as appellate military judge on the Air Force Court of Criminal Appeals. Memorandum from Sec'y of Def. Chuck Hagel for Sec'y of the Air Force Eric Fanning (25 June 2013).

When the appellant's case was initially before us, the appellant argued that the military judge erred by denying a challenge for cause against an enlisted security forces member.

On 28 March 2013, this court disagreed and issued a decision in which we affirmed the findings and sentence. *United States v. Grawey*, ACM S32029 (A.F. Ct. Crim. App. 28 March 2013) (unpub. op.). The appointed civilian employee was a member of the panel that decided the case. Following the appointment by the Secretary of Defense, this court reconsidered its decision sua sponte. On 22 July 2013, we issued a new opinion and again affirmed the findings and sentence. *United States v. Grawey*, ACM S32029 (recon) (A.F. Ct. Crim. App. 22 July 2013) (unpub. op.).

On 15 April 2014, our superior court issued its decision in *United States v. Janssen*, 73 M.J. 221, 225 (C.A.A.F. 2014), holding that the Secretary of Defense did not have the legislative authority to appoint civilian employees as appellate military judges and that the earlier appointment was "invalid and of no effect." On 11 March 2015, our superior court concluded the improper appointment of the civilian employee by the Secretary of Defense was not waived by an earlier failure to object. *United States v. Jones*, 74 M.J. 95 (C.A.A.F. 2015). Pursuant to *Janssen* and *Jones*, our superior court reversed our decision in this case and remanded it to us for a new review under Article 66, UCMJ, before a properly constituted panel. *United States v. Grawey*, ___ M.J. ___ No. 14-0060/AF (C.A.A.F. 2015) (Daily Journal 30 March 2015). In addition to reviewing the prior pleadings, we issued an order authorizing the appellant to file supplemental briefing.

In light of this ruling by our superior court, we have reviewed the appellant's case. Our review includes the appellant's previous filings and the previous opinions issued by

this court, as well as a supplemental assignment of error in which the appellant asserts he is entitled to relief due to excessive post-trial processing delays. Finding no error, we affirm the findings and the sentence.

*Challenge for Cause*

At trial, the appellant challenged an enlisted panel member who was assigned to security forces on the basis that he would give more weight to Investigator MG, a security forces member who was expected to testify. The court member stated that he did not know the prospective witness, but he had heard of him. The member also stated that he recognized the special expertise of police officers acquired through training and experience, but he would treat a police officer just like any other witness:

> [Military Judge]. Okay. You will apply the same standards then to—when Investigator [MG] testifies you will apply the same standards in evaluating his credibility as any other witness?
>
> A. Absolutely, sir.

The military judge entered extensive findings, considered the liberal grant mandate, and denied the challenge. Investigator MG testified briefly in sentencing, and neither the defense nor the court members had any questions for him.

A member shall be excused for cause whenever it appears that the member "[s]hould not sit as a member in the interest of having the court-martial free from substantial doubt as to legality, fairness, and impartiality." Rule for Courts-Martial 912(f)(1)(N). This rule applies to both actual and implied bias. *United States v. Daulton*, 45 M.J. 212, 217 (C.A.A.F. 1996). The test for actual bias is whether the member "will not yield to the evidence presented and the judge's instructions." *United States v. Napoleon*, 46 M.J. 279, 283 (C.A.A.F. 1997), *as quoted in United States v. Schlamer*, 52 M.J. 80, 92 (C.A.A.F. 1999) (internal quotation marks omitted). With implied bias, we focus on the perception or appearance of fairness of the military justice system as viewed through the eyes of the public. *United States v. Rome*, 47 M.J. 467, 469 (C.A.A.F. 1998); *United States v. Dale*, 42 M.J. 384, 386 (C.A.A.F. 1995). Simply stated, "[i]mplied bias exists 'when most people in the same position would be prejudiced.'" *Daulton*, 45 M.J. at 217 (quoting *United States v. Smart*, 21 M.J. 15, 20 (C.M.A. 1985)). For both types of challenges, military judges must apply the liberal grant mandate which recognizes the unique nature of the court member selection process. *United States v. Downing*, 56 M.J. 419, 422 (C.A.A.F. 2002). We review a military judge's ruling on a challenge based on actual bias for abuse of discretion; we review challenges based on implied bias with less deference than abuse of discretion, by using an objective standard of public perception. *Id*.

Applying the standards described above, we find the military judge did not err in denying the challenge for cause. The responses of the challenged member clearly show that he had no bias that would influence his evaluation of Investigator's MG's brief testimony, and any reasonable member of the public would not perceive unfairness in his remaining on the panel.

*Appellate Review Time Standards*

The appellant argues, citing *United States v. Moreno*, 63 M.J. 129, 135 (C.A.A.F. 2006), that the unreasonable post-trial delay from the date the case was first docketed with this court in March 2012 until this opinion warrants relief. The appellant further cites to *United States v. Tardif*, 57 M.J. 219 (C.A.A.F. 2002), noting this court's broad power and responsibility to affirm only those findings and sentence that should be approved.

We review de novo "[w]hether an appellant has been denied [his] due process right to a speedy post-trial review . . . and whether [any] constitutional error is harmless beyond a reasonable doubt." *United States v. Allison*, 63 M.J. 365, 370 (C.A.A.F. 2006). A presumption of unreasonable delay arises when appellate review is not completed and a decision is not rendered within 18 months of the case being docketed before this Court. *United States v. Moreno*, 63 M.J. 129, 142 (C.A.A.F. 2006). The *Moreno* standards continue to apply as a case remains in the appellate process. *United States v. Mackie*, 72 M.J. 135, 135–36 (C.A.A.F. 2013). The *Moreno* standard is not violated when each period of time used for the resolution of legal issues between this court and our superior court is within the 18-month standard. *Id*. at 136; *see also United States v. Roach*, 69 M.J. 17, 22 (C.A.A.F. 2010). However, when a case is not completed within 18 months, such a delay is presumptively unreasonable and triggers an analysis of the four factors elucidated in *Barker v. Wingo*, 407 U.S. 514 (1972), and *Moreno*. *See United States v. Arriaga*, 70 M.J. 51, 55 (C.A.A.F. 2011). Those factors are "(1) the length of the delay; (2) the reasons for the delay; (3) whether the appellant made a demand for a speedy trial; and (4) prejudice to the appellant." *United States v. Mizgala*, 61 M.J. 122, 129 (C.A.A.F. 2005); *see also Barker*, 407 U.S. at 530.

This case was originally docketed with this court on 16 March 2012. The time from that initial docketing until our initial decision in March 2013 and even our decision in reconsideration in July 2013 did not exceed 18 months, and is therefore not facially unreasonable. The *Moreno* standards continue to apply as a case continues through the appellate process. *Mackie*, 72 M.J. at 135–36. The time between our superior court's action to return the record of trial to our court for our action and this decision has not exceeded 18 months; therefore, the *Moreno* presumption of unreasonable delay is not triggered. *See id.* at 136. The appellant argues that because neither of the previous decisions were issued by a properly constituted panel that the we should consider the time from initial docketing on 16 March 2012 until this opinion as uninterrupted for *Moreno*

analysis. We reject the appellant's argument that because the Secretary of Defense's appointment of the civilian employee was invalid and of no effect, that therefore the *Moreno* clock was not tolled by our earlier decisions.[1]

Article 66(c), UCMJ, 10 U.S.C. § 866(c), empowers appellate courts to grant sentence relief for excessive post-trial delay without the showing of actual prejudice required by Article 59(a), UCMJ, 10 U.S.C. § 859(a). *Tardif*, 57 M.J. at 224; *see also United States v. Harvey*, 64 M.J. 13, 24 (C.A.A.F. 2006). In *United States v. Gay*, __ M.J. __, ACM 38525 (A.F. Ct. Crim. App. 12 June 2015), we identified a list of factors to consider in evaluating whether Article 66(c), UCMJ, relief should be granted for post-trial delay. Those factors include how long the delay exceeded appellate review standards, the reasons for the delay, whether the government acted with bad faith or gross indifference, evidence of institutional neglect, harm to the appellant or to the institution, whether relief is consistent with the goals of both justice and good order and discipline, and whether this court can provide any meaningful relief. *Id.*, slip op. at 11. No single factor is dispositive and we may consider other factors as appropriate. *Id.*, slip op. at 12. After considering the relevant factors in this case, we determine that no relief is warranted. Even analyzing the entire period from the time the case was first docketed until today, we find there was no bad faith or gross negligence in the post-trial processing. The reason for the delay after our initial decision was to allow this court and our superior court to fully consider a constitutional issue of first impression about whether the Secretary of Defense has the authority under the Appointments Clause[2] to appoint civilian employees to the service courts of criminal appeals. *See Janssen*, 73 M.J. at 221. While the answer may seem clear now with the advantage of subsequent decisions, we note that the appellant's initial petition to our superior court did not specify the appointment as an error. We find no evidence of harm to the integrity of the military justice system by allowing the full appellate review of this novel issue. The appellant has not articulated any harm. At most the appellant asks us to infer increased anxiety; we decline to do so. Furthermore, the impact of any delay was mitigated when we specifically allowed the appellant to file a supplemental assignment of error. We have

---

[1] Alternatively, if the standards set forth in *United States v. Moreno*, 63 M.J. 129, 135 (C.A.A.F. 2006), are violated, the delay is presumptively unreasonable and triggers an analysis of the four factors elucidated in *Barker v. Wingo*, 407 U.S. 514 (1972), and *Moreno*. *See United States v. Arriaga*, 70 M.J. 51, 55 (C.A.A.F. 2011). Those factors are "(1) the length of the delay; (2) the reasons for the delay; (3) whether the appellant made a demand for a speedy trial; and (4) prejudice to the appellant." *United States v. Mizgala*, 61 M.J. 122, 129 (C.A.A.F. 2005); *see also Barker*, 507 U.S. at 530; *United States v. Morita*, 73 M.J. 548, 567 (A.F. Ct. Crim. App. 2013). Here, the appellant concedes he did not make a demand for speedy appellate processing. Further, the appellant has also not made any showing of prejudice, beyond referencing the general "anxiety and concern" of appellants awaiting resolution of their appeal. When there is no showing of prejudice under the fourth factor, "we will find a due process violation only when, in balancing the other three factors, the delay is so egregious that tolerating it would adversely affect the public's perception of the fairness and integrity of the military justice system." *United States v. Toohey*, 63 M.J. 353, 362 (C.A.A.F. 2006). Having considered the totality of the circumstances and the entire record, when we balance the other three factors, we find the post-trial delay in this case to not be so egregious as to adversely affect the public's perception of the fairness and integrity of the military justice system. We are convinced that even if there is error, it is harmless beyond a reasonable doubt.

[2] U.S. CONST. art. II, § 2, cl. 2.

the authority to tailor an appropriate remedy without giving the appellant a windfall. *See Tardif*, 57 M.J. at 225. We have expressly considered whether we should reduce some or all of the appellant's sentence. Based on our review of the entire record, we conclude that sentence relief under Article 66, UCMJ, is not warranted.

## *Conclusion*

The approved findings and the sentence are correct in law and fact and no error prejudicial to the substantial rights of the appellant occurred. Articles 59(a) and 66(c), UCMJ. Accordingly, the approved findings and the sentence are **AFFIRMED**.

FOR THE COURT

STEVEN LUCAS
Clerk of the Court